39 So.2d 672

**TALLEY v. WALLACE et al.**

**3 Div. 490.**

Supreme Court of Alabama.

March 31, 1949.

R. S. Hill, Jr. and V. H. Robison, both of Montgomery, for appellees.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Montgomery County, in equity, vacating and annulling an alley.

For the purpose of a better understanding of the issues presented by this appeal, we are including in the opinion a rough sketch of the locus of the dispute. This sketch was not introduced in evidence; it is not drawn to scale; it is merely our understanding of the general location of the alley and its surroundings as shown by the pleadings and the evidence.

In February, 1909, the Crowson Plat was recorded in the office of the judge of probate of Montgomery County. That the plat was duly certified, acknowledged and recorded is not disputed. The Crowson Plat included lands in Montgomery County near, but not within, the corporate limits of the city of Montgomery. It included the land shown in the above sketch south of the northern boundary of the alley, between the Lower Wetumpka Road and Traction Avenue. The land north of the alley was not a part of the Crowson Plat and was not owned by the same person.

It appears to be without dispute that the portion of the land designated on the sketch as an "alley" was in fact so designated in the Crowson Plat. As here material, it may be described as the northernmost ten feet of the portion of land included in the Crowson Plat which is located between the Lower Wetumpka Road and Traction Avenue.

It is well settled by the decisions of this court that where a person plats land and lays off lots according to such plat and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets, alleys, avenues, and highways to the public for public uses. Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 121 So. 62, and cases there cited.

Although the strip of land designated on the sketch as an alley was so described in the Crowson Plat when it was recorded in 1909, it has never been used as a public way between the Lower Wetumpka Road and Traction Avenue. Montgomery County has never considered it as a part of its road system and has never made any attempt to put it in shape for use by the public. The alley up to the time of the filing of this suit had never been used as a means of access to any of the property attingent upon it. Lots C-1, C-2, C-3, and C-4 and the houses constructed thereon have been owned separately by the four complainants for some time. Entrance to the several lots has always been gained from the county road upon which the lot faces.

Lot R-1 is owned by the respondent, Talley, and, as shown by the sketch, it faces on the Lower Wetumpka Road. Shortly before this suit was filed, and after he had purchased Lot R-1 from a Mrs. Dukes, the respondent, Talley, purchased Lot R-2 from one A. E. Ball and wife. Before the deed to Lot R-2 had been delivered, Talley was informed by the complainant who is the owner of Lot C-3 that an effort was going to be made to vacate the alley, which at that time was not even cleared of bushes and debris. Talley at the time he purchased Lot R-2 was familiar with the Crowson Plat and the fact that said lot, although not a part of the Crowson Plat, abutted upon the northern boundary of the alley.

The complainants, the owners of Lots C-1, C-2, C-3, and C-4, sought to have the alley vacated in the manner provided in § 17, Title 56, Code 1940, but were prevented from accomplishing their purpose by the refusal of Talley, the owner of Lot R-2, to join in a written instrument declaring the alley vacated.

Whereupon complainants, as owners of Lots C-1, C-2, C-3, and C-4, instituted this proceeding in the equity court of Montgomery County for the purpose of having that court vacate and annul the alley. They made Talley, the only other owner of property attingent upon the alley, a party respondent. Montgomery County was also made a party respondent, as were several mortgagees. The mortgagees voiced no objection to the vacation of the alley and in fact joined with the complainants in asking that it be vacated. No opposition to the closing of the alley is expressed by Montgomery County.

We are of the opinion that the trial court erred in ordering that the alley be vacated and annulled.

The trial court no doubt construed §§ 21-25, Title 56, Code 1940, as being direct authority for its action. Indeed, the language of those sections seems to expressly confer upon a court of equity the jurisdiction and authority to vacate and annul a public way when all the owners of property attingent thereupon and the political subdivision (municipality or county) in which the said way is located are parties to the litigation. But said sections make no provision whereby compensation may be awarded to the owners of lots which abut that portion of the way to be vacated or whose lots, though not attingent upon the way to be vacated, are thereby cut off from access over some other reasonable and convenient way.

But what is now § 21, Title 56, Code 1940, § 10365, Code 1923, received the consideration of this court in the case of Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165, wherein it was held in effect that the provisions of said section are inefficacious to empower a court of equity to vacate a public way where the owners of abutting property do not consent and no provision is made to compensate them for the property rights of which they would be deprived. It was concluded, therefore, that the bill filed by Mrs. Thetford under the provisions of § 10365, Code 1923, to vacate a street was wholly lacking in equity, where it appeared thereby that the street sought to be vacated, the lot of Mrs. Thetford, and the other lots attingent upon said street, were all shown by the map of the Town of Cloverdale, and where the municipality did not consent to the vacation of the street.

As before indicated, the alley was dedicated to the uses of the public. The extent of its use as an alley in no manner affects the question of its dedication. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L.R.A. 62; Nashville, C. & St. L. Ry. Co. v. Hulgan, supra. Nor was this unrestricted dedication lost to the public by the delay or entire failure of the county authorities to prepare it for the public use. City of Florence v. Florence Land & Lumber Co., 204 Ala. 175, 85 So. 516. Also see Sherer v. City of Jasper, 93 Ala. 530, 9 So. 584.

Although Lot R-2 was not a part of the plat wherein the alley was dedicated, as was the situation in the Thetford case, supra, nevertheless it abutted upon the alley, and was purchased with reliance upon the recorded plat which showed the alley. Trustees of Schools v. Dassow et al., 321 Ill. 346, 151 N.E. 896. We are of the opinion, therefore, that Talley, the

owner of said Lot R-2, could not be deprived of the use of the alley as a means of access to the said lot unless provision is made for compensating him for his loss. Chichester v. Kroman, 221 Ala. 203, 128 So. 166; Jackson v. Birmingham Foundry & Machine Co., 154 Ala. 464, 45 So. 660.

It is to be noted that in proceedings instituted by municipalities and counties under the terms of §§ 26–31, Title 56, Code 1940, to vacate streets, alleys, etc., provision is made for compensating those who are injured by said vacation. But no such provision is found in §§ 21–25, Title 56, Code 1940.

Lots R-1 and R-2 are separate and distinct pieces of property, one fronting on the Lower Wetumpka Road and the other on the alley. It is no answer to appellant's insistence that he needs the alley as a means of reaching Lot R-2 to say that he can do so by going from the Lower Wetumpka Road across Lot R-1 onto the rear of Lot R-2.

We are clear to the conclusion that under the facts in this case the lower court erred in decreeing that the alley be vacated and annulled.

The decree of the lower court is reversed and one is here rendered dismissing complainants' bill.

Reversed and rendered.

BROWN, FOSTER, and STAKELY, JJ., concur.