**454**

97 So.2d 542

**L. W. MACHEN et al.**

v.

**Lizzie JAMES.**

**8 Div. 890.**

Supreme Court of Alabama.

Oct. 24, 1957.

W. M. Beck, Fort Payne, for appellants.

H. G. Bailey, Boaz, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court in the case of L. W. Machen et al. (appellant) v. Mrs. Lizzie James (appellee). The purpose of the bill is to abate a nuisance and to recover damages for injury to the premises of the complainant. The case was tried before the court with the testimony of the witnesses being ore tenus.

There was a great deal of testimony introduced in the case which we shall not attempt to outline except in a general way. The complainant and the respondents each own and live on property in the Town of Hollywood, Alabama. The property lies side by side. Several years ago the complainant had a well drilled on her property which she proceeded to use and have for domestic purposes. Later the respondents installed a septic tank on their property which they have used from the time of its installation. According to tendencies of the evidence, after the installation of the septic tank the water in the well of the complainant became foul to such an extent that it was unfit for human consumption and as a well had lost its usefulness, as a result of seepage from the septic tank. However, strong tendencies of the evidence show that the septic tank was properly installed according to State Health Regulations.

The court reached the conclusion on the evidence and we think properly so, that although the septic tank was properly installed, it was in fact polluting the well and had been polluting the well during the time covered by this case. The court went so far as to find that the well had been permanently ruined and could not in the foreseeable future be again used by a person for drinking purposes "who had any regard for his or her health." Therefore, the court found that a case of permanent nuisance had been made out and the complainant was entitled to relief. However, the court also found that it would not be the proper thing to issue an injunction against the use and operation of the septic tank because "the damage is of a permanent

nature." City of Clanton v. Johnson, 245 Ala. 470, 17 So.2d 669. While the court did not feel that the issuance of an injunction would afford proper relief, it did consider the matter of monetary damages suffered by the complainant under the circumstances of the case and entered a judgment in the sum of $500 by way of monetary damages, according to the language of the court. It is a settled principle that where injunctive relief is denied the court has the power to mold its decree and award damages in lieu of such relief where the exigencies of the case demand. McGowin v. City of Mobile, 241 Ala. 576, 4 So.2d 161; Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 142 So. 72.

As stated, we have been over the evidence with great care and think that the court has reached a sensible solution in the case and that since its findings are on the evidence, its decree should be upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.