268 So.2d 736

**Hazel F. HEBERT**

v.

**TRINITY PRESBYTERIAN CHURCH OF MONTGOMERY, Alabama.**

**S. C. 42.**

Supreme Court of Alabama.

Oct. 26, 1972.

Albert W. Copeland, Montgomery, for appellant.

Robert J. Russell, Montgomery, for appellee.

MERRILL, Justice.

This appeal is from a decree holding that a certain alleyway in Montgomery had been dedicated to the public.

Appellee, Trinity Presbyterian Church of Montgomery, filed its bill of complaint alleging, inter alia, that appellant had placed an obstruction across the alleyway which deprived appellee of the use of same.

The trial court ruled in favor of the complainant after the overruling of the demurrer, the filing of an answer and a trial.

Appellant concedes that if the alleyway has been dedicated to the public, the decree should be affirmed. But appellant contends that the alleyway was never dedicated and that the exclusive use of the alleyway by appellant and her predecessors in title shows that it was a private alleyway.

In 1909, Helen A. Ellis filed a plat of 14 lots in the block bordered by Clanton Avenue on the north, Hull Street on the east and McDonough (now Gilmer) on the west. The plat shows Lots 13 and 14 in the middle of the block facing Clanton Avenue. Each of these lots are 55 feet east and west and 235 feet north and south. The plat shows a 12-foot way on the east side of Lot 14 and the west side of Lot 13 and a 15-foot way south of both lots con-

necting with the two 12-foot ways, which makes a square bottomed "U" shaped alleyway around Lots 13 and 14.

Appellee owns Lot 8 in the plat which faces Gilmer on the west but runs back eastward 315 feet and borders the bottom of the alleyway around Lots 13 and 14 for some 127 feet at the northeast side of Lot 8. The alley is described in the final decree as " * * * that certain alleyway lying in the Helen Ellis Plat as the same appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 3, at page 78, fronting 12 feet in width, commencing at a point 175 feet West of Hull Street, on the South side of Clanton Street, running thence of equal width, South 250 feet, more or less, to the North border of complainant's property, running thence 15 feet in width West along the North border of complainant's property 127 feet, more or less; thence North 12 feet in width, 250 feet, more or less, to the South side of Clanton Street." The alleyway adjoins 9 of the 14 platted lots not counting Lots 13 and 14 which it surrounds on three sides.

Appellant owns Lot 14 on which she operates a nursery school business. She does not live in the house on Lot 14.

By stipulation, it was agreed that the City of Montgomery has not maintained the alleyway for public use. It was also agreed that a portion of the alleyway was used only and solely by the appellant and her predecessors in title and was held by them under a claim of right, actual, hostile, exclusive, open, notorious and continuous for more than twenty years.

In Talley v. Wallace, 252 Ala. 96, 39 So.2d 672, the alley had never been used as a public way and Montgomery County "has never considered it a part of its road system and has never made any attempt to put it in shape for use by the public", and the alley had never been used as a means of access to any of the property attingent upon it. But the plat of the property had been recorded in the probate office in 1909, (the same year of recordation in the instant case). This court said:

"It is well settled by the decisions of this court that where a person plats land and lays off lots according to such plat and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets, alleys, avenues, and highways to the public for public uses. Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 121 So. 62, and cases there cited."

Later in Lybrand v. Town of Pell City, 260 Ala. 534, 71 So.2d 797, it was said:

"When a landowner lays off his land into blocks and lots, setting apart and designating certain portions as streets, with a view to establishing a portion of a town, followed by a sale of lots with reference to a map defining and delineating the streets, a complete dedication of such streets is thereby made to the use of the purchasers and the general public. Highland Realty Co. v. Avondale Land Co., 174 Ala. 326, 56 So. 716. All who buy with reference to the general plan or scheme disclosed by the map, and their successors in interest, acquire a right in all of the public ways designated thereon, and may enforce the dedication. Highland Realty Co. v. Avondale Land Co., supra. Although it does not impose any duty upon the city until it has accepted the dedication. Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506; Trammell v. Bradford, 198 Ala. 513, 73 So. 894.

*   *   *   *   *   *

"The plan or scheme indicated on the map or plat is regarded as a unity; it is presumed that the public ways add value to all the lots embraced in the general plan. Highland Realty Co. v. Avondale Land Co., supra. The extent of use as a street or avenue in no manner affects the question of the dedication. Talley v. Wallace, 252 Ala. 96, 39 So.2d 672."

A municipality succeeds to all rights acquired by dedication of streets or ways and neither non user, nor the rule of prescription, nor the statute of limitations, nor the doctrine of equitable estoppel can be invoked to nullify a public dedication. Harn v. Dadeville, 100 Ala. 199, 14 So. 9; Alexander City U. W. & S. Co. v. Central of Ga. Railway Co., 182 Ala. 516, 62 So. 745.

Here, the Ellises sold to Hatton in 1943, and in 1962, Hatton conveyed to Dozier, and in 1964, Dozier conveyed to appellee. The Ellis deed merely made reference to the plat and lot numbers and both the Hatton and Dozier deeds made reference to the lot numbers and also conveyed the right and privilege to use the alleyway. Appellant's deed dated April 1, 1970 does not make reference to the plat or lot number. It describes the two lots by metes and bounds and then contains the following: "* * * together with the joint use in common with other owners of lots in the property known as The Ellis Place of a certain alleyway which lies adjacent to the above described and conveyed property, the said alleyway fronting twelve (12) feet in width on the south side of Clanton Avenue immediately east of the property hereby conveyed and running back of even width two hundred and fifty (250) feet, and thence running fifteen (15) feet wide in the rear of the property conveyed and the lot which lies next west of said property and thence running north to Clanton Avenue twelve (12) feet in width immediately west of said last named lot."

In view of the authorities already cited, we are unable to say that the court erred in declaring the described alleyway "to have been unrestrictedly and irrevocably dedicated to the public."

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and SOMERVILLE, JJ., concur.