BEATTY, Justice.
Plaintiff appeals from a decree holding that an alleyway in Mobile had been irrevocably dedicated to the public and enjoining her from interfering with defendants’ use of the alley. We affirm.
Initially we note that the defendants have filed a motion to dismiss the appeal on the ground that the plaintiff has failed to specify any issue presenting an alleged er *89 ror below. We need not address that issue for the reasons which follow.
The record reveals that the alleyway in question, which runs between plaintiff’s property and that owned by defendants, lies in an area originally zoned residential. Defendants’ property is zoned for neighborhood shopping, and they sought to use the alley in conjunction with their interior design shop. Plaintiff, whose land is zoned residential, has for years utilized the alley in connection with her sewing business; it is alleged that her use of the alley for business purposes was principally a non-conforming use. The evidence indicates that at some point, plaintiff erected a fence and maintained a ditch alongside the alleyway to prevent the public’s use of the alley. While negotiating for the purchase of their lot from a Mr. Ferster, defendants expressed concern that the fence blocked their access to the alley. When Ferster removed the fence, plaintiff filed suit against him, claiming possessory rights to the alleyway and damages for the removal of the fence. Defendants, as the owners of the Ferster property, were permitted to intervene in the litigation as defendants. They counterclaimed against the plaintiff, seeking a declaration that the alley was a public alleyway and an injunction to prevent plaintiff from interfering with their use of the alley for ingress to, and egress from, their property. After hearing the evidence without a jury, the trial court ruled in favor of defendants on their counterclaim and denied plaintiff all relief. Plaintiff then filed this appeal.
It appears to be without dispute that the land in question here was designated as an alley in the original plat of the land, which was duly filed in the Mobile County Probate Court by the developer of the subdivision. It is also clear from the record that lots in the subdivision were sold with reference to the recorded plat which contained the alleyway. On the basis of those facts, the judgment of the trial court must be affirmed under Talley v. Wallace, 252 Ala. 96, 97, 39 So.2d 672 (1949), wherein it was said:
It is well settled by the decisions of this court that where a person plats land and lays off lots according to such plat and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets, alleys, avenues, and highways to the public for public uses. .
See also Hebert v. Trinity Presbyterian Church, 289 Ala. 455, 268 So.2d 736 (1972), and Gwin v. Bristol Steel & Iron Works, Ala., 366 So.2d 692 (1978).
Because it does not appear that the decree entered by the trial court after hearing the evidence ore tenus was “plainly and palpably wrong” in any respect, the judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.