SHORES, Justice.
James P. Turner and the other plaintiffs appeal from a summary judgment entered *29 against them in an action to vacate a public alley. We affirm.
The plaintiffs filed this action under Code 1975, § 35-2-58, to vacate a 25-foot public alley. In accordance with the statute, they named as defendants the owners of property abutting the alley, various mortgagees holding mortgages on the abutting properties, and the City of Birmingham. Many of the defendants entered into an agreement for a consent judgment vacating the alley and received compensation from the plaintiffs. However, several of the defendants objected to the vacation and refused to consent to it. They filed a motion for summary judgment, stating that the court was not empowered to vacate a public way without the consent of all the abutting owners. The trial court granted summary judgment, and this appeal followed.
Section 35-2-58 provides:
“The circuit courts of this state shall have jurisdiction and power to vacate and annul any map, plat or survey of lands, or any streets, alleys, avenues or roads, whether designated by any such maps, plats or surveys or not, upon the filing of a civil action by any person or persons owning any of the lots, parcels or tracts of land abutting such roads, streets or alleys sought to be vacated or annulled. Unless the owners of all the lots or parcels of land so abutting upon the roads, streets or alleys sought to be vacated join as plaintiffs, the owners and claimants of such other lots or parcels of land abutting upon the roads, streets or alleys sought to be vacated shall be made parties defendant; and the municipality, town or city, if the land is located within any municipality, town or city, shall also be made a party defendant; and, if not located in such municipality, city or town, the county in which such lands are located shall be made a party defendant. (Code 1923, § 10365; Code 1940, T. 56, § 21.)”
Because no provision is made in the statute to provide compensation for the deprivation of property rights, the court is not authorized to vacate a public way where the owners of abutting property do not consent. Talley v. Wallace, 252 Ala. 96, 39 So.2d 672 (1949). In construing the predecessor to § 35-2-58, the Talley Court specifically stated:
“Indeed, the language of those sections seems to expressly confer upon a court of equity the jurisdiction and authority to vacate and annul a public way when all the owners of property attingent thereupon and the political subdivision (municipality or county) in which the said way is located are parties to the litigation. But said sections make no provision whereby compensation may be awarded to the owners of lots which abut that portion of the way to be vacated or whose lots, though not attingent upon the way to be vacated, are thereby cut off from access over some other reasonable and convenient way.
“... [I]n the case of Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165, ... it was held in effect that the provisions of said section are inefficacious to empower a court of equity to vacate a public way where the owners of abutting property do not consent and no provision is made to compensate them for the property rights of which they would be deprived. ...

“It is to be noted that in proceedings instituted by municipalities and counties under the terms of §§ 26-31, Title 56, Code 1940 [now Code 1975, § 23-4-1, et seq.], to vacate streets, alleys, etc., provision is made for compensating those who are injured by said vacation. But no such provision is found in §§ 21-25, Title 56, Code 1940 [now Code 1975, § 35-2-58, et seq.].”
252 Ala. at 98-99, 39 So.2d at 674. Gwin v. Bristol Steel & Iron Works, Inc., 366 So.2d 692 (Ala.1979) (statute also protects owners of non-abutting property affected by street closing, subject to rule of remoteness); Thetford v. Town of Cloverdale, 217 Ala. 241, 115 So. 165 (1928).
The sole issue is whether the court is authorized to vacate a public way where the plaintiffs have offered to compensate *30 the non-consenting defendants for their loss. As the cases indicate, we have long held that the statute authorizes the court to vacate a public way only when consent is obtained from all the owners of the affected property. We reaffirm that holding; the statute requires the unanimous consent of the owners, and offers of compensation to non-consenting owners cannot negate that requirement. Because some of the abutting property owners in this case refused to consent to the closing of the alley, the court recognized that it could not grant the plaintiffs’ request to close the alley. Therefore, summary judgment was appropriately rendered, as no genuine issue of material fact existed, and the defendants were entitled to judgment as a matter of law. Rule 56(c), A.R.Civ.P. We affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS, and STEAGALL, JJ., concur.