Martha Hood, executrix of the estate of her late husband, Samuel Rand Hood, appeals to this Court from a judgment by the Circuit Court of Jefferson County. Although a jury awarded Mrs. Hood compensatory damages of $15,000.00, and the court entered judgment in that amount, she claims that that amount was inadequate and that the court erred by not granting injunctive relief as well. We affirm.
Mr. and Mrs. Hood had lived on approximately five acres of land bordering Green Springs Highway and South Lakeshore Drive in Homewood, Alabama, since 1948. During that time, until 1980, they had access to their property by way of a 25-foot easement across the southwest corner of defendant property. In October 1980, Mr. Neil found that in order to use a driveway on the west side of his new house, the grade of the easement would have to be lowered five feet. By lowering the easement without re-grading the Hoods' driveway to meet the new elevation, the Hoods' driveway would have been cut off, five feet above the level of the lowered easement. Mr. Neil proposed to the Hoods that he be permitted to enter their land in order to contour their driveway to meet the lowered *Page 750 
easement. The Hoods refused Neil's request and their attorney advised Neil that the paved area of Neil's property within the easement was a public right-of-way and was part of Murray Hill Road.
Mr. Neil testified that he proceeded to have the easement lowered after being advised by the Homewood city attorney and Homewood building inspector that he could use the easement as he wished provided he did not erect a permanent structure on it. The result of lowering the easement was to terminate the Hoods' driveway at an elevation five feet above the lowered grade. Mr. Hood filed suit against Neil and his wife and the contractor who lowered the easement, but Hood died before the case was tried. Mrs. Hood continued this suit as executrix of her husband's estate. At the conclusion of the plaintiff's case, the defense motion for a directed verdict on behalf of Mrs. Neil was granted, without objection from the plaintiff.
After all evidence had been heard, the jury returned a verdict awarding Mrs. Hood $15,000.00 in compensatory damages against Mr. Neil and found in favor of the contractor. The court entered judgment consistent with the jury's verdict and denied Mrs. Hood's request for an injunction. Mrs. Hood contends that since Neil's interference with the easement permanently cut off her right-of-way, she is entitled to injunctive relief in addition to the monetary damages awarded. We note that the defendant did not appeal the award of $15,000.00 to Mrs. Hood; therefore, we do not address the propriety of that award. We cannot agree with the appellant that the award was inadequate.
We are asked here to decide whether the trial court erred by denying the plaintiff's request for an injunction.
We have recognized that the issuance of injunctive relief is within the sound discretion of the trial court. Powell v.Phenix Federal Savings Loan Ass'n, 434 So.2d 247 (Ala. 1983). Mrs. Hood's burden on appeal is to establish that the trial court abused its discretion in denying her request for injunctive relief, by showing that the court committed a clear or palpable error. Reed v. City of Montgomery, 341 So.2d 926
(Ala. 1976).
There is no dispute that Mr. Neil knowingly lowered the elevation of the easement across his property, and by so doing, cut off the Hoods' access to their driveway. Mrs. Hood argues that she and her husband had been granted the easement by deed and had used it for more than thirty years; that Neil knew of the easement at the time he purchased his property; and, that Neil's servient estate could not lawfully interfere with the Hoods' dominant estate to prevent the Hoods' ingress to and egress from their property. In fact, Mrs. Hood's reference to the grant of the easement in question by deed is incorrect. The exhibits she refers to as proof that the easement was deeded include a promise by the grantor, Southern Timber Land Company, Inc., to provide a road by which the Hoods could enter and leave the property they had just purchased. Neither of the exhibits cited, however, specifically refers to appellee Neil's land or to the easement across his property which the Hoods used from 1948 until Neil regraded it in 1980. Mrs. Hood seems to argue that the easement was private until made a public right-of-way by the Homewood City Council in 1977, and cites Defendant's Exhibit # 1 as evidence of this contention. On the contrary, it is clear from the face of the document marked as Defendant's Exhibit # 1, a copy of the original plat of Lake Drive Estates recorded August 13, 1947, that the Homewood City Council dedicated the "streets, alleys and easements shown on the map of the survey of Lake Drive Estates" on August 11, 1947, not 1977.
Mrs. Hood also seems to infer that by the Hoods' use of the 25-foot access drive for more than thirty years, they acquired an easement by prescription. We have previously held:
 A municipality succeeds to all rights acquired by dedication of streets or ways and neither non user, nor the rule of *Page 751 
prescription, ntor the statute of limitations, nor the doctrine of equitable estoppel can be invoked to nullify a public dedication. Harn v. Dadeville, 100 Ala. 199, 14 So. 9; Alexander City U.W. S. Co. v. Central of Ga. Railway Co., 182 Ala. 516, 62 So. 745.
Hebert v. Trinity Presbyterian Church of Montgomery, 289 Ala. 455, at 458, 268 So.2d 736, at 738 (1972). As the appellee has noted, the Hoods could not have acquired a prescriptive easement after the property in question had been platted. At that time, August 11, 1947, the disputed easement became dedicated to public use and subsequent acquisition of a prescriptive right was not possible.
Testimony at trial revealed that between $5,000.00 and $20,000.00 would be required to reestablish a paved driveway to the Hood home. Mrs. Hood argues that the jury verdict of $15,000.00 is inadequate relief, but we cannot agree. She contends that the $15,000.00 was awarded solely for the interference, inconvenience, etc., that she suffered from the date Neil lowered the easement, in 1980, until the present. As the appellee has persuasively argued, however, numerous inferences can be drawn as to what the jury intended the $15,000.00 verdict to cover. Contrary to Mrs. Hood's hypothesis, the jury might must as likely have intended that a portion of the award was meant to compensate Mrs. Hood for her inconvenience, and that a portion was to be used to reestablish the paved drive to her house. Further, since the jury was also instructed as to mitigation of damages, and, Neil argues, since Mrs. Hood took no action to mitigate, the award of $15,000.00 could have been considered sufficient, in itself, to enable Mrs. Hood to be "made whole" again.
The appellee has correctly argued that a court is not required to grant injunctive relief merely because the damage to a party is determined to be permanent. See Machen v. James,266 Ala. 454, 97 So.2d 542 (1957). Here, the jury awarded $15,000.00, which the court could justifiably have considered adequate compensation for her damages, without ordering injunctive relief. The appellant's argument relies heavily on the assumption that the easement in question was private until 1977; however, as we have noted above, the evidence refutes that assumption. Nevertheless, the jury returned a verdict in her favor in the amount of $15,000.00, which the court considered adequate to compensate Mrs. Hood for her damages. Even though the appellee's regrading of the easement created a permanent condition, the court could have easily concluded that the jury's award was sufficient to allow Mrs. Hood to reestablish a paved driveway and to compensate her for her inconvenience, without the need for injunctive relief.
The appellant has failed to show that the damages award was inadequate or that the trial court committed a clear or palpable error by denying her request for injunctive relief. Therefore, we must affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.