MADDOX, Justice.
The issue presented on appeal is whether the trial court erred in determining that a certain street located in Baldwin County (Orange Street) is a public street rather than a private street. The trial court made its determination after an ore tenus hearing, and also determined that a pier constructed on the street, and extending over and into Palmetto Creek, is a public pier. We affirm.
The basic facts are as follows: In November 1983 Carl Resmondo (defendant) cleared the land and constructed a pier on the lower portion of Orange Street and began using Orange Street for access to Palmetto Creek. The plaintiffs, Charles Mark Templeman, John L. Gwaltney, and Elizabeth Sanders, soon thereafter commenced this action in the Baldwin County Circuit Court. The property of the plaintiffs constitutes most of the property within the Perdido Beach resubdivision abutting the street shown on the plat as Orange Street. The plaintiffs alleged in their complaint that Orange Street was never opened to the public and was never properly dedicated as a public street. They further alleged that Resmondo trespassed when he cleared the land and constructed a pier on the lower portion of Orange Street. They asked the court to declare that Orange Street had not been dedicated to the public as a street, and also requested injunctive relief against Resmondo to enjoin him from trespassing on Orange Street.
The plat of the resubdivision of Perdido Beach was recorded March 11, 1920. The plat of the prior subdivision was recorded December 29, 1900, and contained a single roadway fronting and paralleling Palmetto Creek. The resubdivision plat did not show this road, but depicted a roadway running perpendicular to the creek and showed access to the creek by Orange Street. Orange Street is depicted on the 1920 resubdi-vision plat as a street 50 feet in width leading from Escambia Avenue to Palmetto Creek.
The plaintiffs contended at trial that only the upper portion of the street was open until 1983, when the defendant used a tractor to clear vegetation and open the lower portion of the street to Palmetto Creek. The plaintiffs also contended that the upper portion of the street had been used only by them and their guests prior to 1983, and that the lower portion of the street was never used for access to the creek, and was always heavily covered with vegetation. The defendant contended that he, his family, and the public had always used the street for access to Palmetto Creek.
After an ore tenus hearing, the trial court entered this final order:
“This cause having come on to be heard on the 20th and 21st days of May, 1986, the parties having appeared with their respective attorneys, and the Court having taken testimony ore tenus and the Court having considered the same, it is
“ORDERED, ADJUDGED and DECREED that that certain street designated as Orange Street as shown on re-subdivision of Blocks 30, 31 and 32 of Perdi-do Beach as per map or plat thereof recorded in the Office of the Judge of Probate of Baldwin County, Alabama in Map Book 1, Page 18, is a properly dedicated public right-of-way.
“It is further ORDERED, ADJUDGED and DECREED that the pier constructed on Orange Street and extending to and over Palmetto Creek is properly permitted and is deemed to be a public pier for use and enjoyment by the general public.
“It is further ORDERED, ADJUDGED and DECREED that judgment is hereby entered in favor of the Defendant and against the Plaintiff[s] on all Counts in the Complaint.”
Because this was an ore tenus case, there is a presumption of correctness afforded the trial court’s findings, and the court’s judgment will not be disturbed unless palpably wrong, without supporting evidence, or manifestly unjust. Clardy v. Capital City Asphalt Co., 477 So.2d 350 *496 (Ala.1985); Skinner v. Florence, 439 So.2d 118 (Ala.1983).
In Talley v. Wallace, 252 Ala. 96, 97, 39 So.2d 672, 673 (1949), this Court stated:
“It is well settled by the decisions of this court that where a person plats land and lays off lots according to such plat and makes sale of one of more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets, alleys, avenues, and highways to the public for public uses. Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 121 So. 62, and cases there cited.”
This Court has also held that where a street is named and marked on a town plat, one who buys and owns lots designated by number on that plat and abutting the street is estopped to deny the dedication. See City of Demopolis v. Webb, 87 Ala. 659, 6 So. 408 (1888), where this Court stated:
“The defendants purchased their lots in full recognition of its existence as a public street, or municipal highway, liable to be opened and used as such whenever the growing demands of an increased population and commerce might require it. They are estopped now to deny to it this character, upon the plainest principles of justice and right.”
87 Ala. at 665, 6 So. at 410.
We are of the opinion that the trial court could find that Orange Street was dedicated when the plat was recorded in the 1920 resubdivision of the Perdido Bay subdivision, and that the plaintiffs took title to their respective parcels of property according to the resubdivision that was recorded in the office of the judge of probate in 1920. See City of Demopolis v. Webb, supra.
The appellants have failed to show us, from the record, that the trial court erred when it declared Orange Street to be 50 feet in width. The 1920 plat clearly sets forth the width of Orange Street as 50 feet.
Based on the foregoing, we are of the opinion that the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.