CRW, Inc., appeals from a judgment prohibiting it from using roads of the Twin Lakes subdivision in the City of Moody for access to its subdivision development adjacent to Twin Lakes.
The Twin Lakes subdivision was developed in the early 1970's. A lawsuit eventually *Page 940 
arose between residents of Twin Lakes and its developer over completion of roads and other common areas of the subdivision. As part of a 1977 consent judgment based upon an agreement between the developer and the residents, the developer transferred the remaining unsold subdivision property to the "Twin Lakes Trust." At the time of the consent judgment, the developer deeded to the trust all of its remaining assets in Twin Lakes. In November 1986, the developer, by way of a quitclaim deed, transferred its interest in the Twin Lakes roads. Testimony indicated that the trust has expended more than $40,000 in paving and finishing roads in the subdivision and that three roads remain incomplete. Although the trust holds more than 26 acres and 15 lots in Twin Lakes, it defers "dedication" of the undeveloped roads to the wishes of the owners association.
Twin Lakes is a confined area, having only one entrance; its roads do not connect with any major thoroughfare other than Alabama Highway 411 and they serve only the 52 homes in the subdivision. A large sign at the entrance reads, "Twin Lakes/Private Property/No Trespassing/Members Only." A smaller sign at the entrance reads, "No Trespassing/Private Property/Members Only."
In 1980, the Twin Lakes Property Owners Association was incorporated, having as its purpose to:
 "(a) . . . promote pleasure, social recreation and sports activities for its members, their families and guests and to develop and maintain [a] recreationally oriented environment in the Development; (b) . . . provide a means whereby those areas within the Development designated as parks, lakes, recreational facilities as may be conveyed to the Association or established by it, may be operated, maintained, repaired or replaced; and (c) . . . provide a means for the promulgation and enforcement of all regulations necessary to the governing of the use and enjoyment of such parks, lakes, recreational facilities or other amenities and such other recreational facilities within the Development as may be conveyed to the Association. . . ."
Every person acquiring title to a residential lot in the subdivision is considered a member of the association and is subject to certain requirements and limitations. The association's articles of incorporation provide that it may levy charges and assessments against Twin Lakes property owners to conduct its business and to pay all "licenses, taxes or governmental charges levied upon or imposed against the property of the Association." The articles further allow the association to "own, hold, improve, build upon, operate, maintain and repair real or personal property in connection with the affairs of the Association."
On November 25, 1985, the Moody city council approved a zoning ordinance allowing the Twin Lakes roads to remain private subsequent to annexation and acknowledging the fact that the roads would have to be deeded to the city in order for the city to maintain them. Annexation was approved under these terms on December 9, 1985.
Although plats of the subdivision are recorded in the Probate Court of St. Clair County, the county did not consider the roads in Twin Lakes to be public, and testimony at trial indicated that county maintenance stopped at the entrance. Thus, the Twin Lakes roads are maintained by the association with funds raised through assessments levied upon and paid by association members, notwithstanding the fact that Moody provides police and fire protection to the subdivision.
CRW began the construction of its subdivision in September 1986 by grading and connecting an access road from the CRW subdivision to an interior Twin Lakes road. Heavy machinery and building equipment began to move through Twin Lakes to the CRW access road on a daily basis. CRW told prospective purchasers to enter its subdivision through Twin Lakes and placed an "advertisement" map in the Birmingham News to this effect.
In December 1986, the association and several individual property owners filed a complaint against CRW, its stockholders, *Page 941 
and its managing officers, seeking a judgment declaring the roads in Twin Lakes to be private; an injunction prohibiting CRW's continued use of the roads; and money damages for trespass and nuisance. The trial court found that the roads were private and enjoined CRW from continuing its use of them, but it denied the association's request for money damages. CRW's motion for a new trial was denied.
The issue presented on appeal is whether the trial court erred in declaring the Twin Lakes roads to be private roads and in enjoining their use by CRW. The trial court, having heard ore tenus testimony, will not have its judgment disturbed on appeal unless it is unsupported by the evidence or is palpably wrong. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479 (1970). This Court, therefore, "will indulge all favorable presumptions to sustain that court's conclusion, and it will be disturbed on appeal only if shown to be plainly erroneous or manifestly unjust." Roberts v. Peoples Bank Trust Co., 410 So.2d 393
(Ala. 1982), citing Century Plaza Co. v. Hibbett SportingGoods, Inc., 382 So.2d 7 (Ala. 1980), and Krieger v. Krieger,276 Ala. 466, 163 So.2d 623 (1964).
A public way or road is established in one of three ways: 1) by a regular proceeding for that purpose; 2) by a dedication of the road by the owner of the land it crosses and subsequent acceptance by the proper authorities; or 3) by virtue of its being generally used by the public for 20 years. Arnett v. Cityof Mobile, 449 So.2d 1222 (Ala 1984), citing Sam RaineConstruction Co. v. Lakeview Estates, Inc., 407 So.2d 542 (Ala. 1981), and Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289
(1972).
CRW argues at length in its brief that recordation of the Twin Lakes plat in the Probate Court of St. Clair County constitutes a dedication of the road to public use. Code 1975, § 11-52-32(b). We do not agree that recordation, standing alone, constitutes a dedication. Dedication of a public road may be accomplished by a statutory proceeding or by common law dedication. Common law dedication consists of acts "indicative of the intent of the owner to dedicate property to a public use and acceptance by the public." Hall v. Polk, 363 So.2d 300, 301
(Ala. 1978). The owner, however, must "unequivocally intend to create a public right exclusive of his own." Hall, at 301.
This Court stated in Cottage Hill Land Corp. v. City ofMobile, 443 So.2d 1201 (Ala. 1983):
 "Under early Alabama statutory authority, streets indicated on a recorded and acknowledged plat were considered to be dedicated to the public use without awaiting acceptance or use by the public. . . . This is no longer true, however. . . . Acceptance of a proffered dedication is necessary."
443 So.2d at 1203.
Public acceptance may be shown by a formal act of municipal or other authority, recognizing and adopting the property for the public's use, or it may be inferred by long public use, although the extent of use, of itself, in no way affects dedication. Tuxedo Homes, Inc. v. Green, 258 Ala. 494,63 So.2d 812 (1953); City of Mobile v. Fowler, 147 Ala. 403, 41 So. 468
(1906); Lybrand v. Town of Pell City, 260 Ala. 534,71 So.2d 797 (1954); and Cottage Hill Land Corp. v. City of Mobile,supra, at 1203. It is the character, rather than the quantum, of use which forms the test for determining whether a road is public or private. Powell v. Hopkins, supra, 288 Ala. at 472,262 So.2d at 294. CRW contends that the Twin Lakes roads have been subjected to use by the "unorganized public as of right" for a long period of time. See Ivey v. City of Birmingham,190 Ala. 196, 67 So. 506 (1914).
Thus, CRW argues, the public, through implied permission, had actual use of the road and its "convenience and accommodation would be materially affected by a denial or interruption of the enjoyment." See Ivey v. City of Birmingham, supra,190 Ala. at 204, 67 So. at 509. To support its position, CRW presented testimony at trial that fire, police, commercial, and utility vehicles regularly use the Twin *Page 942 
Lakes roads without first obtaining permission, and that mail is delivered to homes in the subdivision without compliance with postal regulations governing the delivery of mail on a private road.
We cannot hold, as a matter of law, that the use of the roads by utility, emergency, and commercial vehicles is of such a "character" so as to constitute use by the "unorganized public as of right" for an extended period of time. As the facts before us show, there are no outlet roads from Twin Lakes to other subdivisions or communities and there is only one entrance into the subdivision. The evidence presented by Twin Lakes is more than enough to support the trial court's finding that the restricted permissive use of of the Twin Lakes roads did not amount to a dedication by the owners. We are not to be understood, of course, as precluding a finding, given the requisite elements of dedication, that a later public acceptance by the proper municipal authorities may effect a change in the nature of the subdivision streets from private to public roads.
Moreover, CRW has also failed to persuade this Court that the trial court was shown, as a matter of law, that "the public generally has had the unrestricted use of the roads" for the requisite prescriptive period. Indeed the evidence is without dispute that the roads were not built until the early 1970's.
Because the trial court's findings of fact are supported by the evidence, and because we find no misapplication of the law to those facts, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.