The issue presented in this case is whether the trial court erred in ordering the removal of an obstruction on a road located in Autauga County. We affirm.
The basic facts are as follows: In 1961, the developer recorded a plat of the Forest Hills Subdivision in the Probate Court of Autauga County. The road in question, "David Street," is clearly depicted on that plat. The plat shows that one end of David Street intersects Indian Hill Road, a primary road running through the subdivision, and that the other end is a dead end. Horace and Sharon Meeks own lots abutting both sides of David Street (lots 9 and 10). David Street runs the length of these lots. The Meekses' deed to lot 9 describes the property conveyed as follows:
 "[Lot 9] of Forest Hills Subdivision, as shown by plat recorded in Deed Book 86, at Page 192, in the Office of the Judge of Probate of Autauga County, Alabama.
 "This conveyance is made subject to restrictions, easements, rights-of-way, covenants and reservations of record."
The Meekses' deed to lot 10 contains similar language with respect to that lot. Richard and Phyllis Hill own lots 1 and 2 in the subdivision. They also own unimproved property at the end of David Street. The Hills, who want to use David Street as a means of access to their unimproved property, which they intend to develop, sued the Meekses to have them enjoined from obstructing David Street. After an ore tenus hearing, the trial court found that David Street had been irrevocably dedicated to the public's use and entered a judgment enjoining the Meekses from obstructing it. The Meekses appealed.
The Meekses contend that the trial court erred in finding that David Street had been properly dedicated to the public's use. Alternatively, they argue that even if David Street had been properly dedicated, they have acquired title to it through adverse possession. They also argue that the public abandoned David Street and that they acquired title to it by virtue of their ownership of the abutting lots.
Because this was an ore tenus case, there is a presumption of correctness afforded the trial court's findings, and the judgment based on those findings will not be disturbed unless it is plainly and palpably wrong. Robinson v. Hamilton,496 So.2d 8 (Ala. 1986).
After carefully reviewing the record and the briefs, we conclude that the trial court could have found from the evidence presented that David Street had been properly dedicated to the public's use and that the injunction should issue; For a recent case very similar to this one, seeTempleman v. Resmondo, 507 So.2d 494 (Ala. 1987), in which this Court held that the *Page 1240 
plaintiffs were estopped to deny the public dedication of a road abutting their property because they had purchased their property in full recognition of the road, which had been shown on a previously recorded plat.
The Meekses' contention that they acquired title to the road through adverse possession or by virtue of an abandonment must fail. The doctrine of adverse possession cannot be invoked to divest title from the public. Webb v. City of Demopolis,95 Ala. 116, 13 So. 289 (1891). The trial court made no finding as to whether David Street had been abandoned. When a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Robinson v. Hamilton, supra. The evidence in this case supports a finding that David Street had not been abandoned.
In closing, we note that some of the cases cited in the briefs, and others that our independent research has revealed, dealing with the issue of how a road can be dedicated to the public's use, indicate that this Court, over the years, may have blurred the distinction between common law and statutory dedication with respect to when an acceptance by the public is necessary to effectuate the dedication. Although this concerns us, we do not think that it is necessary for us to address that issue in order to resolve this case.[1]
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] See, e.g., CRW, Inc. v. Twin Lakes Property Owners,521 So.2d 939 (Ala. 1988); Templeman v. Resmondo, 507 So.2d 494 (Ala. 1987); Cottage Hill Land Corp. v. City of Mobile,443 So.2d 1201 (Ala. 1983); Hall v. Polk, 363 So.2d 300 (Ala. 1978);Herbert v. Trinity Presbyterian Church of Montgomery, 289 Ala. 455, 268 So.2d 736 (1972); Manning v. House, 211 Ala. 570,100 So. 772 (1924): Ivey v. City of Birmingham, 190 Ala. 196,67 So. 506 (1914); Smith v. City of Opelika, 165 Ala. 630,51 So. 821 (1910); and Western Ry. v. Alabama Grand Trunk R.R.,96 Ala. 272, 11 So. 483 (1891).