INGRAM, Justice.
This is an appeal from a declaratory judgment action concerning the amount of attorney fees due Leon Garmon for legal services rendered to George Ray Williamson and Carol Williamson Black. The trial court found that the provisions of the written contract control and that the fee of 40 percent of any judgment entered in favor of Williamson and Black in a lawsuit against Allstate Insurance Company is due Garmon. Specifically, the trial court held:
“The court is of opinion there is a failure of proof of an oral contract between the parties to substitute it for the written contract as the written contract is for ‘all purposes in connection with injuries and damages out of an incident.’ The court finds that the provisions of the written contract control the ‘bad faith’ claims and that the fee of 40% after expenses is the amount of attorney’s fee due Mr. Garmon.”
Garmon appeals, contending that the trial court’s judgment is plainly and palpably wrong. He contends that there was an oral agreement that the attorney fee for representation on the “bad faith” claim would be 50 percent rather than 40 percent.
At the outset we note that this case was tried ore tenus and that a trial court’s judgment based upon findings of fact made upon ore tenus testimony is presumed to be correct. CRW, Inc. v. Twin Lakes Property Owners Association, Inc., 521 So.2d 939 (Ala.1988). This Court will not reverse such a judgment unless it is palpably wrong or manifestly unjust. CRW. We may not substitute our judgment for that of the trial court, and we will indulge all favorable presumptions to sustain that court’s conclusion. CRW.
Here, the facts were in dispute as to whether there was an oral agreement concerning attorney fees. Because the existence of an oral contract was contested, it was the duty of the trial court to resolve any conflict in the testimony and to render a judgment accordingly. Clearly, the burden was on Garmon to prove the existence of a new (oral) contract or a modification of the written contract. As noted above, the trial court held that he did not meet that burden. Therefore, indulging all favorable presumptions in favor of the trial court’s judgment, we hold that that judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.