I. Background
The issue in this dispute concerning the public or private nature of streets in a subdivision located outside a municipality is whether the recording of the plat for the subdivision, which properly identified the streets in question, constituted a dedication of those streets to the public. We hold that it did, and we affirm.
Sun Ridge Valley Road and Blue Ridge Drive run through and next to the Blue Ridge subdivision, located in Monroe County, outside the city limits of Monroeville. William C. Harper created the *Page 503 
subdivision by recording a plat in the Monroe County Probate Court. The complaint alleges that the plat was recorded in February 1991.
Charles A. Coats III and Ginger K. Coats own property outside the subdivision, abutting both Sun Ridge Valley Road and Blue Ridge Drive. William Harper claims that the roads are not for public use and has erected a fence to prevent the Coatses from using the roads for ingress and egress to their property. There is also a dispute regarding whether the Monroe County Water Board can serve the Coatses' property from the water line that currently serves the Blue Ridge subdivision. However, for reasons stated later in this opinion, that issue has been waived, and we do not decide it.
The Coatses filed this action in the Monroe Circuit Court. The crux of the dispute is whether the recording of the subdivision plat, which appropriately signified the dimensions and locations of Sun Ridge Valley Road and Blue Ridge Drive, constituted a completed dedication of those roads to the public. The trial court entered a summary judgment in favor of the Coatses, declaring that the roads are public roads and that the water line serving the subdivision is a public utility and can be used to provide water to the Coatses' property. Harper appealed. We affirm.
 II. Standard of Review
"[O]n appeal a summary judgment carries no presumption of correctness," Hornsby v. Sessions, 703 So.2d 932, 938
(Ala. 1997). "`In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact' and whether the movant was entitled to a judgment as a matter of law."Ex parte General Motors Corp., 769 So.2d 903, 906
(Ala. 1999) (quoting Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988)). "Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant." Hobson v. American Cast IronPipe Co., 690 So.2d 341, 344 (Ala. 1997).
The parties have presented no factual disputes; instead, their arguments are based entirely on statutory interpretation.
 III. Issues and Legal Analysis A Are the Roads Public Roads?
The subdividing of land into lots for a residential community is governed by Ala. Code 1975, §§ 35-2-50 through -62. Section 35-2-50 requires persons wishing to subdivide their land into lots to have the land surveyed and then draw a plat or map indicating the length and bearings of the boundaries of each lot. In addition, the plat or map must "give the bearings, length, width and name of each street." It is undisputed that Harper complied fully with this Code section in creating the Blue Ridge subdivision. Alabama Code 1975, § 35-2-51(b), provides that "[t]he acknowledgment and recording of such plat or map shall be held to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public," and the areas indicated as streets on the map "shall be held in trust for the uses and purposes intended or set forth in such plat or map."
The question, therefore, is whether Sun Ridge Valley Road and Blue Ridge Drive were "donated or granted to the public" by the recordation of the subdivision plat. If so, under the provisions of § 35-2-51 (b), the recording of the plat constituted a "conveyance in fee simple" to the public, *Page 504 
and Harper has no right to prevent the Coatses, or any other member of the public, from using the roads. If not, however, the roads are for the private use of Harper and the owners of property in the subdivision. As owners of property outside the subdivision, the Coatses would have no legal right to use the roads to access their property, unless by some claim of adverse possession or prescriptive easement, and no such claim has been raised or argued in this case.
A road can be made public in one of three ways: "`"1) by a regular proceeding for that purpose; 2) by a dedication of the road by the owner of the land it crosses, with acceptance by the proper authorities; or 3) the way is generally used by the public for twenty years."'" Arnett v. City of Mobile,449 So.2d 1222, 1224 (Ala. 1984) (quoting Sam Raine Constr.Co. v. Lakeview Estates, Inc., 407 So.2d 542, 544
(Ala. 1981), quoting in turn Powell v. Hopkins,288 Ala. 466, 472, 262 So.2d 289, 294 (1972)). There is no question that these roads have not been used by the public for over 20 years, although the record indicates that the public has enjoyed unrestricted use of them for several years. There has also not been a regular proceeding for the purpose of establishing the roads as public roads. For these roads to be public roads, then, it must be shown that there has been a dedication of the roads, with the requisite acceptance by the proper authorities.
The Coatses point to this Court's holding Gaston v.Ames, 514 So.2d 877 (Ala. 1987), as providing the applicable rule for this case. In Gaston, the Court was dealing with a dispute similar to the one here. The plaintiffs were seeking to enjoin John Ames from maintaining a locked gate in front of a road used by the plaintiffs to access property in a subdivision and were seeking a declaration that the road was a public road. The subdivision had been properly created by Bruce Pardue and his wife. Although some of the lots had been sold, the Pardues retained a large portion of the subdivision and used it for agricultural purposes. None of the subdivided land was ever developed by any of the purchasers of the lots, including the plaintiffs. Ames subsequently purchased the remaining subdivision property and restricted access to a road indicated on the plat by means of a locked gate. The trial court found that the gate could be maintained because the subdivision was not viable. This Court reversed the trial court's judgment, finding as follows:
 "Pardue complied with the statutory requirements for the establishment of the subdivision. He first prepared the plats, pursuant to § 35-2-50, Code of Alabama (1975), and recorded the plats in the Probate Office, pursuant to § 35-2-51(a), Code of Alabama (1975). Having met those two requirements, he is deemed to have made a conveyance in fee simple of all areas granted or dedicated to the public. § 35-2-51(b), Code of Alabama (1975). `[S]ubstantial compliance with the statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places.' Johnson v. Morris, 362 So.2d 209, 210 (Ala. 1978). Cottage Hill Land Corp. v. City of Mobile, 443 So.2d 1201, 1203
(Ala. 1983).
 "After there has been a proper dedication to the public, that dedication is irrevocable and it cannot be altered or withdrawn except by statutory vacation proceedings. Booth v. Montrose Cemetery Ass'n, 387 So.2d 774 (Ala. 1980); Smith v. City of Opelika, 165 Ala. 630, 51 So. 821
(1910)."
514 So.2d at 879.
Here, it is undisputed that Harper met those same statutory demands. Like Pardue, *Page 505 
he prepared the plat for the subdivision, pursuant to § 35-2-50(b), Ala. Code 1975, and recorded it pursuant to § 35-2-51(a), Ala. Code 1975. Thus, the Coatses argue,Gaston demands the same result: Like Pardue, Harper should be "deemed to have made a conveyance in fee simple of all areas granted or dedicated to the public," which cannot now be revoked. 514 So.2d at 879.
Harper responds that other cases from this Court have narrowed that general rule established by Gaston. Specifically, he argues that Cottage Hill Land Corp. v. City ofMobile, 443 So.2d 1201 (Ala. 1983), and CRW, Inc. v.Twin Lakes Property Owners Association, Inc.,521 So.2d 939 (Ala. 1988), expressly hold that recordation of a plat, standing alone, does not constitute a completed dedication of the streets on the plat to the public and that acceptance by the proper governmental authority is also required. Harper thus contends that because the Coatses failed to show any acceptance of the purported dedication by the appropriate governmental authority in addition to recordation, the Coatses should not have prevailed on their summary-judgment motion.
We disagree. A closer look at the two cases Harper relies on reveals that they are distinguishable from the present case. We acknowledge that this Court in Cottage Hill did state that
 "[u]nder early Alabama statutory authority, streets indicated on a recorded and acknowledged plat were considered to be dedicated to the public use without awaiting acceptance or use by the public. See
Code 1907, § 6030; Manning v. House, 211 Ala. 570, 573, 100 So. 772, 774 (1924). This is no longer true, however. See Code 1975, § 11-52-32(b)."
443 So.2d at 1203. However, that statement is at most dictum, because acceptance was not truly at issue in CottageHill.[1] The actual issue in that case was whether a valid dedication is revocable if the road is never subsequently completed. The disputed land was a thoroughfare expressly reserved by the city before the subdivision was approved, thus making acceptance by the city clear. However, even if we consider this Court's statement in Cottage Hill
regarding acceptance as more than mere dictum, it still does not stand entirely for the proposition Harper uses it for. Two points are important to note. The first is that the early statutory authority mentioned in Cottage Hill — Ala. Code 1907, § 6030 — contains essentially the same language as Ala. Code 1975, § 35-2-51.[2] In addition, the Code section cited as changing the general rule under the "early statutory authority," Ala. Code 1975, § 11-52-32(b), is limited to municipal corporations. That Code section is found in Subtitle 2 of Title 11 of the Code of Alabama entitled "Provisions Applicable to Municipal Corporations Only." Because the Blue Ridge subdivision is outside the city limits of Monroeville, that provision has no effect *Page 506 
here.[3]
Harper also cites CRW, Inc. v. Twin Lakes Property OwnersAssociation, Inc., supra, asserting that the facts in that case "are the same as the facts of this case." Harper's brief, at 5. In CRW, CRW was constructing a subdivision next to an existing subdivision, Twin Lakes. It began constructing a road that was to connect to the only road that ran through the Twin Lakes subdivision, and it advised potential purchasers of lots in the new subdivision to enter the new neighborhood through the Twin Lakes subdivision. In holding that the road in the Twin Lakes subdivision was a private road, the Court stated: "We do not agree that recordation, standing alone, constitutes a dedication." 521 So.2d at 941.
However, the facts here are not the same as those inCRW; CRW is readily distinguishable. The Twin Lakes subdivision was accessible by only one road, and at the entrance to that road were signs stating "Twin Lakes/Private Property/No Trespassing/Members Only" and "No Trespassing/Private Property/Members Only." 521 So.2d at 940. The City of Moody expressly allowed the streets of the Twin Lakes subdivision to remain private when it annexed the area, and it was agreed that the roads were not the city's responsibility unless they were subsequently deeded to the city. 521 So.2d at 940. The county also disavowed ownership and responsibility for the streets in the Twin Lakes subdivision. 521 So.2d at 940. Far from being a case where the streets were dedicated to the public but never accepted by the proper authorities, the Twin Lakes Property Owners Association expressly and repeatedly refused dedication of the road to the public. Furthermore, the Twin Lakes subdivision was also in the city limits of a municipality, and the Court again relied on Ala. Code 1975, § 11-52-32(b), in affirming the trial court's judgment finding the road to be a private road.
More applicable here is Blair v. Fullmer,583 So.2d 1307 (Ala. 1991), which follows the general rule laid down inGaston. In Blair, a lot owner was seeking a declaration that a road indicated on the subdivision plat was a public road, even though the road apparently had never been completed. No acceptance by any authority beyond recordation of the subdivision plat was shown. In Blair, the Court acknowledged Cottage Hill and CRW, but it distinguished those cases from the facts presented there by noting that, unlike the subdivisions in those cases, the subdivision in Blair was outside the city limits.583 So.2d at 1310. In response to the contention that other provisions of the Alabama Code require acceptance by county authorities similar to the municipal acceptance noted in those cases, the Court concluded that those sections "do not repeal the specific provision of § 35-2-51(b) by virtue of which recordation of a plat constitutes a dedication of the roads therein with no requirement of acceptance by any county governing authority." 583 So.2d at 1312.[4]
Further support for the conclusion that any acceptance requirement is limited to streets within municipalities can be found in Ala. Code 1975, § 35-2-52, which states:
 "It shall be the duty of every probate judge in this state to decline to receive for record in his office any map or plat *Page 507 
upon which any lands lying within the corporate limits or police jurisdiction of any city of this state having a population of more than 10,000 inhabitants are platted or mapped as streets, alleys or other public ways, unless such map or plat shall have noted thereon the approval of the governing body or city engineer of such city."
No similar provision exists for plats or maps outside "the corporate limits or police jurisdiction of any city of this state. . . ." Id. The canon of statutory construction that "expressio unius est exclusio alterius" — the expression of one thing implies the exclusion of the other — dictates that the acceptance requirement of § 35-2-52 is expressly stated to apply to maps or plats of property within the corporate limits or police jurisdiction of a municipality of this State; the requirement does not apply to plats or maps of property outside the corporate limits or police jurisdiction of any municipality of this State.[5] SeeEx parte Cove Props., Inc., 796 So.2d 331, 334
(Ala. 2000))" Expressio unius est exclusio alterius.
The express inclusion of the words `in front of theirrespective riparian lands' excludes an interpretation that a riparian landowner has a right to erect a pier in front of the riparian lands of another.").
Harper attempts to limit the holding of Blair by referencing the following statement in that opinion:
 "It is certainly the case that a city or county must accept such a dedication (perhaps by the general public's use of the roads) before there arises a duty on the governing body to maintain the roads, and it may be that those two cases require an acceptance by a public body before the general public can be given the right to use the roads." 583 So.2d at 1311(emphasis added). However, this statement was dictum, and the actual holding of Blair was that under § 35-2-51 (b)-recordation of a plat constitutes dedication of the roads therein."
583 So.2d at 1312. To the extent Blair left open the door for the possibility that acceptance by a county governing body is required for dedication of a street in a subdivision outside the municipal limits or police jurisdiction of a city, we now close that door. By completing the plat of the subdivision in compliance with the statutory requirements of Ala. Code 1975, § 35-2-50, and recording it pursuant to § 35-2-51, Harper dedicated Sun Ridge Valley Road and Blue Ridge Drive to the public. No acceptance of those roads by any governmental entity beyond recordation of that plat is necessary for those roads to be dedicated for public use. The Coatses, as members of the general public, are entitled to use those roads without any interference.
B. Is the Water Line Public or Private?
The other issue on appeal, whether the water line adjoining Sun Ridge Valley Road and Blue Ridge Drive is public or private, is mentioned only in passing in the parties' briefs. Harper states: "[C]learly, a question of fact has been presented by [Harper] through his response to [the Coatses'] Request for Admission, wherein [Harper] aver[s] that [he is] the owner[] of said water line[]." Harper's brief, at 7. Harper provides no legal authority or argument for the proposition that the water line belonged to him despite his admission that the Monroeville Water Board uses the water line to service the subdivision. It is not the duty of this *Page 508 
Court to make arguments or perform the legal research to supplement an inadequate brief. Dykes v. Lane Trucking,Inc., 652 So.2d 248, 251 (Ala. 1994) ("We have unequivocally stated that it is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument."). The issue whether the water line is Harper's private property is therefore not properly before this Court.Pardue v. Potter, 632 So.2d 470, 473 (Ala. 1994) ("Issues not argued in the appellant's brief are waived.").
 IV. Conclusion
We need not decide whether the cases cited by Harper require, in addition to recordation of the subdivision plat, acceptance by the proper authorities for a road to be a public road within a municipality. The subdivision here was outside the city limits; therefore, the rule adopted by this Court inBlair controls. Roads in a subdivision located outside the city limits or police jurisdiction of a municipality are deemed dedicated to the public by way of proper recordation of a plat, with no requirement of acceptance by any county governing authority. Thus, there is no genuine issue of material fact. It is undisputed that Harper recorded the plat with the streets properly marked off. This, in and of itself, was a "valid dedication to the public" of the streets marked in the plat.
The judgment of the trial court is therefore affirmed.
AFFIRMED.
COBB, C.J., and SEE, WOODALL, and SMITH, JJ., concur.
[1] In fact, the statement was dismissed as dictum in a subsequent decision by this Court. See Blair v.Fullmer, 583 So.2d 1307, 1309 (Ala. 1991) ("The language inCottage Hill stating that acceptance is required is dictum in any event. . . .").
[2] Alabama Code 1907, § 6030, provided: "The acknowledgment and recording of such plat or map shall be held in law and in equity to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public. . . ." Alabama Code 1975, § 35-2-51(b), provides: "The acknowledgment and recording of such plat or map shall be held to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public. . . ."
[3] Because neither party has raised the issue whether this provision applies to property outside the city limits of a municipality but within its police jurisdiction, we do not address that issue in this case.
[4] Harper never raises for our review the provisions of the Alabama Code applicable to counties.
[5] Because neither party has alleged that the Blue Ridge subdivision is within the police jurisdiction of the city, we will treat this case as though the subdivision is outside the police jurisdiction as well as outside the municipal limits.