# Smith *v.* City of Opelika.

*Bill to Enjoin Obstruction of Street.*

(Decided Feb. 10, 1910. 51 South. 821.)

1. *Municipal Corporation; Obstruction of Street; Injunction.*—A city may file a bill to enjoin as a nuisance the perpetration or continuance of an obstruction in its streets.

2. *Dedication by Plat; Loss by Non User.*—Where a street is dedicated by mapping and platting of land by the owner and the selling and conveying of lots with reference to the plat, such dedication is not lost by a mere failure to open the street or by a non user, however long.

3. *Same; Streets; Width.*—In order for a street to become dedicated by mapping and platting of a tract of land it must be shown by the plat that the strip sought to be made a street by dedication was in the street and a part of it when it was so mapped and platted; and where it appears that at other points the street was only fifty feet wide, and at the point where it was sought to declare a dedication. the street would be one hundred feet wide if such strip was included in the dedication, and it further appears that the map merely failed to show any platting of such strip into lots and that such strip was next to a railroad right of way and that for more than forty years. such strip had been treated as private property, and not as a part of the street, it will not be considered as having been dedicated.

APPEAL from Lee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the City of Opelika against Jesse W. Smith and others, to enjoin the obstruction of a street by the perpetration or continuance of a nuisance therein. Decree for complainant and respondent appeals. Reversed and rendered.

R. B. BARNES, GEORGE P. HARRISON, and LUM DUKE, for appellant. Where there is nothing in the map to indicate the width of a street, the character and extent of the use by the public for a period of twenty years determines the width of the dedication.—*W. of A. Ry. v. A. G. T. R. R. Co.,* 96 Ala. 274. A dedication must be accepted to be effective and valid.—*Forney v. Calhoun,* 84 Ala. 215. The interest of the public and the purchaser differ.—9 A. & E. of Law, 60. Under the authority of *Moore v. Johnson,* 87 Ala. 220, the strip claimed as a street has never been dedicated as such.

HOUSTON & POWER, and A. E. BARNETT, for appellee. No brief came to the Reporter.

MAYFIELD, J.—The bill is filed by the city of Opelika, and seeks to remove, as an obstruction to its streets and as a public nuisance, a small wooden building used as a market house. The bill unquestionably has equity, and, if its averments are proven, the city is entitled to the relief prayed.—*Reed v. Birmnigham,* 92 Ala. 339, 9 South. 161. The chancellor, on the final hearing on the pleadings and the proof, of which there was a great deal, granted the relief prayed, and, from this decree, respondents appeal. And being granted a severance, Thomas J. Wesley, for and in behalf of himself individually and an administrator of the estate of L. P. Grant, assigns appropriate errors.

The only disputed or litigated question of fact in the case, necessary to be considered on this appeal, is

whether or not the building, the subject-matter of the suit, is located in the streets of Opelika as alleged in the bill. If it is in the street, as alleged, then the complainant is entitled to the relief prayed; if it is not, the decree is wrong and the bill should be dismissed.

It was and is insisted by complainant that the land or plot of ground on which the building in question is located is a part of South Railroad Street, in the city of Opelika; that it was made such through a dedication by the original owner of the land, to wit, L. P. Grant, whose estate is interested in the result of the suit. It is conceded that he once owned the land in question, and that adjoining it on every side, and that his estate or his heirs or assigns now own the fee therein, subject to the easement of right of way over it, as a public street, which the city or the public acquired through the dedication thereof by the original owner, in his lifetime, more than 30 years ago.

It is insisted by appellants, the owners, and respondents, that the land in question is not now, and has never been a part of the street. On this issue most of the evidence pro and con was taken.

It is claimed by the city that the land became a part of the street by reason of a dedication made by the original owner, L. P. Grant; and that said dedication was effectuated by said Grant's mapping and platting his land adjoining and including the lot in question, and surveying and laying it off into blocks, lots, streets, and alleys, and then selling said lots as bounded by such streets and alleys; and that, as thus mapped and platted, the land in question became a part of South Railroad street, and thus became irrevocably dedicated to the public as a street. If this be true and proven, the complainant was entitled to the relief prayed and awarded by the chancellor. Equity has undoubted pow--

er, at the suit of a municipality, to enjoin the perpetration or continuance of an obstruction of its streets, as a nuisance.—*Demopolis v. Webb*, 87 Ala. 659, 6 South. 408; *Reid v. Birmingham*, 92 Ala. 339, 9 South. 161. If the land in question, on which the building in question is located, is a part of the street, it became such alone by the original dedication of the original owner—his mapping and platting it. The evidence indisputably, if not beyond conflict, shows that it is not now used, and never has been used, by the city, or the public as a street. It was never opened, nor kept open, by the city or by the public, as a street, and has never been used by the public as such. But if there was a complete dedication of it to the public as a street, and an acceptance of it as such by the city or by the public, this would not prevent the relief prayed in this bill or awarded in the decree. If the dedication by the owner was complete and irrevocable, it was not necessary that it be improved or opened and kept so, by the city, within a given time. The city could now accept, adopt, and improve it as a part of its street system, even against the owner, if the dedication was originally complete and irrevocable.

Where the public streets of a city are dedicated by mapping and platting, the municipality and then the public acquire a right thereto, though the municipality be not then incorporated; and, as against this right, nonuser, the rule of prescription, nor the statute of limitations does not run.—*Harn v. Dadeville*, 100 Ala. 199, 14 South. 9; *Sherer v. Jasper*, 93 Ala. 530, 9 South. 584; *Reed v. Birmingham*, 92 Ala. 339, 9 South. 161; *Webb v. Demopolis*, 95 Ala. 116, 13 South. 289, 21 L. R. A. 62. "It cannot be questioned, that when a landowner lays out his land into lots, setting apart certain portions as streets, with a view of establishing a town, a sale of the

lots, with reference to a map defining and dedicating the streets, is a complete dedication to the use of the purchasers and the public. Such dedication, when complete, is irrevocable, and divests the owner of the right to pervert the street from its original purposes, or to impose an additional, inconsistent servitude. But the mere laying out the lots, and making a map showing streets, do not of themselves deprive the owner of the right to use the property as his own. There must be an acceptance of the dedication, of which the sale and purchase of lots is sufficient proof. The sale and conveyances of lots, describing the streets and boundaries constitute covenants with the purchasers, that the streets are dedicated to their use and the use of the public."—*Evans v. S. & W. R. Co.*, 90 Ala. 54, 7 South. 758. But in order for this rule to apply, it must be shown that the particular land in question was so mapped and platted as a part of the street; because a map or plat in this case shows that lots or blocks sold as such are bounded on a particular side by a street, avenue, or alley does not necessarily extend such street or alley to an indefinite length, in case it is on the margin of the tract or plat, or to other lands of the owner otherwise designated, or clear across the lands of the owner. The width, length, and other dimensions of such streets must be shown by the maps or plats, or by the deeds, or by some other competent evidence. The rule in such cases is well stated in the case of *Western Railway of Alabama v. G. T. R. R. Co.*, 96 Ala. 272, 11 South. 483, 17 L. R. A. 474, as follows:

"(2) Dedication of Country Roads.—If the owner of land in the country has it surveyed and laid off into lots and roads, and a map thereof made and recorded, and sells and conveys lots by their numbers and description on the map, this is a dedication to the public of the spaces marked on the map to indicate roads."

"(3) Same—How Width of Road Ascertained.—
Where land is dedicated as a public road, by the owner
selling and conveying parcels thereof according to the
numbers and description on a map showing the loca-
tion of such road, but there is nothing on the map to in-
dicate the width of the road, the character and extent
of the use of the public for a period of 20 years determ-
ine the width of the way dedicated."

The maps and plats relied on in this case do not show
the width of South Railroad street, or show it to be of
such width as to include the property in question; while
all the other evidence shows conclusively that it was not
a part of such street; that it was situated on a band o·
zone lying between that street and the railroad yard
right of way of the Montgomery & West Point Railway
Company. It is true that the maps relied on in the
complaint do not show any line marking the boundary
between the street and the zone or band on which the
lot in question is located; if they did, of course there
could be no contention that the lot was a part of the
street; but in order for it to be a part of the street it
must be shown that it is in the street as indicated by
the maps. The maps or plats relied on only show the
right of way of the railroad company, and a street be-
tween it and the lots platted in blocks 4 and 6; but they
do not show that the street covered or was intended to
cover all the space between the two. This space is
shown to be 100 feet in width at the point in question
and only 50 feet wide at other points. So this street
could not have been of the uniform width of 100 feet.

To support the averments of the bill and the decree
of the court, the street must have been 100 feet wide
at this point and only 50 feet wide at other points; and
if the street, at these points where it was 50 feet wide,
had been continued of uniform width and in a straight

[Smith v. City of Opelika.]

line, it would have included the lot in question, but the lots in blocks 4 and 6, opposite the lot in question, would have had no frontage on this street described in the deeds by which they were sold and which contained recitals as to their being bounded by this street. Of course if the street was made 100 feet wide at this point, then they would have fronted on the street. There is nothing, however, to show that this street was 100 feet wide, except that there are no lots platted between blocks 4 and 6 and it and the right of way. The owner may not have desired to plat into lots, for sale, any part of this area. She may have desired to use it for a park, or to sell it to the railroad for track or depot facilities, which is shown to have been done as to parts of this zone or band between blocks 4 and 6 and the railroad right of way. It is certain that the maps do not show the width of this street at this point in question, and the only way that the street could be said to have included the lot in question is that it included all the lands between these blocks and the railroad right of way.

This, we think, is clearly disproved by the following undisputed facts: None of the other streets in the town are claimed to be of this width, and this same street is not claimed to be of this width except at this particular point; there is now, and for a long time has been, a street in front of blocks 4 and 6, and between them and the lot in question, which was opened and has been and is being maintained by the city. While, of course, as said before, this would not be conclusive on the city or on the public if the whole space had been originally dedicated as a street, yet in the absence of other proof, after the lapse of more than 40 years, it is very persuasive to show that the whole of the space was not dedi-

cated, but only that part of it which was and is accepted and used as a street.

Up to a short time before the filing of the bill, it seems neither the city nor the public ever made any claim that this particular plat of land was in the street; it was recognized as private property by both the undisputed owners of the fee, the city, and the public. The city, county, and state have treated it as private property, and have levied and collected taxes thereon without any claim on the part of the municipality, or that of the public, that it was a street or highway. It further appears that there are now, and for a long time has been, streets on two sides of the building in question, and it does not appear that either of the streets ever included, or now includes, the land on which this building is located. We find no sufficient evidence to show that the land in question is now, or was ever, in any sense a street; in fact, the evidence conclusively shows the contrary.

There is evidence, but very little, to show that there ever was at any time any intention on the part of the owner to dedicate it to the public or to the city as a street. It is certain that it has not been treated by either the owner, the municipality, or the public as a street for 40 years; but, on the other hand, that it has been treated by all as private property until a short while before the filing of the bill.

It follows that the decree of the chancellor is erroneous. It is reversed, and a decree will be here rendered, dismissing the bill at the costs of the appellee.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.