The dispositive issue in this appeal is whether or not there was a dedication and acceptance of the right of way for afuture thoroughfare that appeared on a recorded subdivision plat.
The appellants, Cottage Hill Land Corporation (Cottage Hill) and Riley Smith, one of Cottage Hill's corporate officers, filed a complaint naming as defendant the City of Mobile. In the complaint, as amended, plaintiffs alleged an unlawful taking of Cottage Hill's property without compensation and prayed for appropriate damages. The circuit court granted the city's motion for summary judgment and this appeal followed. We affirm. The facts of the case are basically as follows:
Cottage Hill owned a piece of property located within the city limits and made the necessary arrangements to have the land subdivided. A plat of the land, designated as Bridlewood Estates, was submitted by Cottage Hill to the Mobile City Planning Commission for approval. Before giving its approval, however, the planning commission required Cottage Hill to designate on the plat the southernmost border of Bridlewood Estates, approximately four subdivision lots, as "Future Thoroughfare 100' R/W." (See Appendix A.) This right of way for a proposed major thoroughfare for the city had been originally placed on the city's master plan in the late 1940's.
With the right of way, as shown in Appendix A, clearly delineated, the plat was approved and Cottage Hill commenced selling lots and building single family dwellings on the individual homesites in Bridlewood Estates. All forty-six lots listed on the plat were sold during 1958 and 1959.
The developers assert that they have at no time received any compensation or payment from the appellee city for the taking, reservation, or use of the land designated on the plat as a future thoroughfare. They further assert that the reserved land in question is neither an ingress to nor an egress from Bridlewood Estates, and that it is not otherwise used by the owners of lots in the subdivision to gain access to their lots, and that the city has not built a road on the reserved right of way. Although the developers claim the land is presently nothing more than raw, undeveloped land which, but for the reservation, the corporation could have developed and sold, no legal action was commenced prior to 1981 by either Cottage Hill or its officers.
The city contends that the developers have no further interest in the property or right to recover any compensation from it because the land designated in the plat as a future thoroughfare was irrevocably dedicated to the public when the plat was recorded in the probate office on February 7, 1958, and the lots comprising the subdivision were later sold.
Dedications may be classified as either express or implied, and can be either of the common law or the statutory variety. McQuillin, Municipal Corporations, § 33.03 (3d ed. revised 1971); Sam Raine Construction Co., Inc. v. Lakeview Estates, *Page 1203 407 So.2d 542, 544 (Ala. 1981); Stack v. Tennessee LandCompany, 209 Ala. 449, 451, 96 So. 355, 357 (1923). Statutory dedications are necessarily express, while common law dedications may be either express or implied. McQuillin, supra, § 33.03.
The filing of a map or plat "in substantial compliance with the statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places."Johnson v. Morris, 362 So.2d 209, 210 (Ala. 1978). Under early Alabama statutory authority, streets indicated on a recorded and acknowledged plat were considered to be dedicated to the public use without awaiting acceptance or use by the public.See Code 1907, § 6030; Manning v. House, 211 Ala. 570, 573,100 So. 772, 774 (1924). This is no longer true, however. See Code 1975, § 11-52-32 (b). Acceptance of a proffered dedication is necessary. McQuillin, supra, § 33.43; Tuxedo Homes v. Green,258 Ala. 494, 497-498, 63 So.2d 812, 814 (1953).
In the instant case, there was nothing on the face of the plat from which the circuit court could have concluded that Cottage Hill intended to condition the dedication of the right of way or otherwise reserve its dedication. See e.g. City ofBirmingham v. Graham, 202 Ala. 202, 79 So. 574 (1918); Sims v.City of Birmingham, 256 Ala. 540, 55 So.2d 833 (1951). Consequently, the recorded plat is its own full and complete evidence of the dedication by Cottage Hill of the right of way encompassed by the proposed thoroughfare. Manning v. House,supra, 211 Ala. at 573, 100 So. at 774.
This Court has ruled that acceptance of a dedication of land may be shown by long public use, or by acts, either formal or otherwise, of corporate or other public officers recognizing and adopting the property for the public's use. Oliver v. WaterWorks Sanitary Sewer Bd., 261 Ala. 234, 236, 73 So.2d 552,553 (1954); Stringer Realty Co. v. City of Gadsden, 256 Ala. 77,80, 53 So.2d 617, 619 (1951). The developers admit that the three streets designated on the plat as Rand Court, Janwood Drive, and Angus Drive have been dedicated and accepted by both the city and public for public use; thus, the unresolved question is whether there has been an acceptance of the proposed thoroughfare right of way.
In determining what property is dedicated to the public, the map or plat is to be construed in its entirety. Johnson v.Morris, supra, 362 So.2d at 210. From the specific circumstances of this case, the Court concludes that the circuit court was authorized to find that "every line of the survey which served to mark those parts of the site which were intended to be reserved from sale for use of the public became unalterably fixed, dedicated to the public for all time" once lots were sold with reference to the Bridlewood Estates subdivision plat. Snead v. Tatum, 247 Ala. 442, 443,25 So.2d 162, 163 (1946); Webb v. City of Demopolis, 95 Ala. 116, 126,13 So. 289, 292 (1891). Furthermore, this dedication has been perfected despite the fact that the city has not yet constructed a public roadway on the property platted and dedicated as a future thoroughfare.
In Smith v. City of Opelika, 165 Ala. 630, 51 So. 821 (1910), the Court stated:
 ". . . If the land in question, on which the building in question is located, is a part of the street, it became such alone by the original dedication of the original owner — his mapping and platting it. The evidence undisputably, if not beyond conflict, shows that it is not now used, and never has been used, by the city, or the public as a street. It was never opened, nor kept open, by the city or by the public, as a street, and has never been used by the public as such. But if there was a complete dedication of it to the public as a street, and an acceptance of it as such by the city or by the public, this would not prevent the relief prayed in this bill or awarded in the decree. If the dedication by the owner was complete and irrevocable, it was not necessary that it be improved or opened and kept so, by the city, within a given time. The *Page 1204 
city could now accept, adopt, and improve it as a part of its street system, even against the owner, if the dedication was originally complete and irrevocable."
165 Ala. at 633, 51 So. at 822. Indeed, it is unnecessary that a street so designated on a plat be open at the time of the sale and conveyance of lots, because municipal authorities possess the authority to open the street, if at all, whenever it is deemed necessary and proper to do so. Sherer v. City ofJasper, 93 Ala. 530, 531-532, 9 So. 584, 585 (1890), and Stackv. Tennessee Land Company, supra, 209 Ala. at 452,96 So. at 358 (1923).
The developers argue that in requiring land be set aside for the future thoroughfare, the city should have adhered to §§11-52-50 through 11-52-54, which prescribe procedures for the reservation of lands in subdivisions for future acquisition for public streets. The city admitted that the provisions of these sections were not followed in this instance and that the city planning commission does not use the powers enumerated under §§11-52-50 through 11-52-54, but relies instead upon the powers granted under § 11-52-31.
In City of Mobile v. Waldon, 429 So.2d 945 (Ala. 1983), the Court recognized that:
 "Section 11-52-31 specifically authorizes a planning commission to adopt regulations providing `for the proper arrangement of streets in relation to other existing or planned streets and to the master plan.'
This court has previously held that the Planning Commission's bylaws, which were specifically authorized by Code, have the same force and effect as properly enacted statutes. Lynnwood Property Owners Ass'n v. Land Described in Complaint, 359 So.2d 357
(Ala. 1978)." (Emphasis added.)
429 So.2d at 947.
Section V. B. 2 and section 13 of the subdivision regulations adopted pursuant to § 11-52-31 by the Mobile Planning Commission provide:
 "2. Major Street. Wherever a subdivision embraces a major street, as shown on the Major Street Plan component of the Master Plan, such Major Street shall be platted in the general location and of the width called for by the Major Street Plan.
"* * *
 "13. Right-of-Way Widths. The minimum right-of-way widths for streets, alleys and crosswalks shall be:
"Major Street . . . 100 feet."
Section VII. A. 2 provides:
 "Major Streets. The rights-of-way for existing and for new major streets shown on the Major Street Plan shall be platted to the minimum widths called for by these regulations or by the Major Street Plan and reserved. The rights-of-way for secondary streets for which marginal access streets are required shall be similarly platted and reserved. At the option of the subdivider, any rights-of-way may be dedicated instead of reserved."
The city contends that these regulations, together with the authority granted by § 11-52-31, allowed the planning commission to require the reservation of this planned major street as a condition of approval and that there is no difference between the designation of the other Bridlewood Estates subdivision streets, i.e., Rand Court, Janwood Drive and Angus Drive, as public streets and the designation of the proposed thoroughfare.
With regard to subdivision ordinances, this Court has held:
 "Subdivision legislation is part of planning legislation, as is zoning; they are all predicated on the police power of the state. Consequently, questions concerning the requirements for public improvements depend on the same criteria as are found in cases involving the exercise of the police power through zoning restrictions. A particular requirement or application of the general rules and regulations in a particular manner to a specific application for approval will not be invalidated unless, like a particular zoning restriction, it is clearly arbitrary and unreasonable, having no substantial relation to *Page 1205 
the public health, safety, morals or general welfare.
"* * *
 "We opine that regulations requiring the dedication of property for service roads or marginal access roads in subdivisions where such subdivision abuts a major street are well within the powers granted to municipalities under § 11-52-31. A municipality, among its many duties, is responsible for formulating a safer flow of traffic within its jurisdiction; included in this responsibility is control of ingress and egress to its streets and highways.
 "By the foregoing, we are not to be understood as allowing a planning commission to require dedication of property anytime it is of the opinion that such dedication is needed; there are limitations on the powers of such commissions. It has those powers alluded to, provided however, that the exercise of same does not run afoul of the enabling act and the constitutional requirements of due process." (Citation omitted.) (Emphasis added.)
City of Mobile v. Waldon, supra, 429 So.2d at 947-948.
The Court agrees with the city that the planning commission may require the reservation of a major planned street as a condition for approval of a subdivision plat; but, anytime the planning commission requires a developer to reserve property ina proposed subdivision for future streets, the city should be aware that "there are limitations on the powers of such commissions" when they are acting pursuant to powers granted them under § 11-52-31, especially when the need for the future street will be substantially generated by public traffic demands rather than by the proposed development. On those occasions, the guidelines and procedures set forth in §§11-52-50 through 11-52-54 should be followed; otherwise, the reservation could amount to an unconstitutional taking of property without due process of law. City of Mobile v. Waldon,supra; see Board of Supervisors of James County v. Rowe,216 Va. 128, 216 S.E.2d 199 (1975).
The Court finds it unnecessary to address the remaining issues raised on appeal, except to say that the legal action taken by the developers concerning the land in question was commenced long after the ten-year statute of limitations had run. § 6-2-33. Consequently, the Court concludes that under thefacts of this case and our Alabama Rules of Civil Procedure, the trial court properly granted summary judgment. See Silk v.Merrill Lynch, Pierce, Fenner Smith, 437 So.2d 112 (Ala. 1983).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 1206 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 1207