Plaintiffs Freeman and Mary Arnett appeal from a summary judgment in favor of the City of Mobile. We reverse and remand.
The Arnetts are real estate developers. In a period extending from 1967 to 1977, they developed an area known as Theodore Highlands outside the corporate limits of the City of Mobile but within the City's subdivision jurisdiction. This development was conducted in stages or additions, with each addition requiring a separate plat approved by the City of Mobile Planning Commission. As a prerequisite to approval of plats for the Fifth, Sixth, Seventh, and Eighth Additions, the Planning Commission required a reservation of a 100-foot right of way for a future thoroughfare. The plats of the various additions were drawn including the reservation with the notation "future thoroughfare 100' R/W (reserved for purchase)." On the plat of the Eighth Addition, however, the words "reserved for purchase" do not appear. This reservation, consisting of 6.71 acres, continues of record, although the Arnetts have received no compensation for the land and have no formal dedication as such to any public authority. The thoroughfare has not been paved nor opened for public use. Direct ingress to and egress from the future thoroughfare from Theodore Highlands will be permitted only from two streets within the subdivision.
The Arnetts filed suit in circuit court, requesting damages from the City of Mobile for the taking of their property without compensation, and further requesting a *Page 1223 
declaratory judgment to the effect that the taking of their property without compensation violated the provisions of §§11-52-30, et seq., Ala. Code 1975, and the provisions of § 235 of the Alabama Constitution. Subsequently, the City of Mobile filed a motion for summary judgment, which was granted. The Arnetts appeal.
The City of Mobile is granted subdivision jurisdiction over the area containing Theodore Highlands by § 11-52-30, Ala. Code 1975. The power to regulate the development of subdivisions is delegated by § 11-52-31, which provides:
 "The planning commission shall adopt regulations governing the subdivision of land within its jurisdiction. Such regulations may provide for the proper arrangement of streets in relation to other existing or planned streets and to the master plan. . . . Such regulations may include provisions as to the extent to which streets and other ways shall be graded and improved . . . as a condition precedent to the approval of the plat. . . ."
This Court recognizes the authority of the planning commissions to exercise control over the subdivision of lands. We have, however, on repeated occasions, noted that this authority is derived from the legislature, and that planning commissions are to adopt regulations consistent with those statutes. Cottage Hill Land Corp. v. City of Mobile443 So.2d 1201 (Ala. 1983); City of Mobile v. Waldon, 429 So.2d 945 (Ala. 1983); Boulder Corp. v. Vann, 345 So.2d 272 (Ala. 1977).
The City contends that its subdivision regulations, specifically §§ V.B. (2) and (13) and VII.A. (2), in conjunction with the authority granted in § 11-52-31, Ala. Code 1975, allow it to require the reservation of land area that is in the path of a planned major street as a condition for approval of a subdivision plat. We do not disagree with this contention; however, the facts of this case require consideration of more than just the right of the City to reserve land. In Cottage Hill, supra, this Court held that
 "anytime the planning commission requires a developer to reserve property in a proposed subdivision for future streets, the city should be aware that `there are limitations on the powers of such commissions' when they are acting pursuant to powers granted them under § 11-52-31, especially when the need for the future street will be substantially generated by public traffic demands rather than by the proposed development. On those occasions, the guidelines and procedures set forth in §§ 11-52-50 through 11-52-54
should be followed; otherwise, the reservation could amount to an unconstitutional taking of property without due process of law. City of Mobile v. Waldon, supra; see Board of Supervisors of James County v. Rowe, 216 Va. 128, 216 S.E.2d 199 (1975)."
(Emphasis in original.)
443 So.2d at 1205.
Additionally, in City of Mobile v. Waldon, supra, this Court cautioned that
 "we are not to be understood as allowing a planning commission to require dedication of property anytime it is of the opinion that such dedication is needed; there are limitations on the powers of such commissions. It has those powers alluded to, provided however, that the exercise of same does not run afoul of the enabling act and the constitutional requirements of due process. Lynnwood Property Owners Ass'n v. Lands Described in Complaint [359 So.2d 357
(Ala. 1978)]."
429 So.2d at 948.
Both sides agree that the City of Mobile Planning Commission required the Arnetts to reserve the 100-foot strip along the Theodore Highlands additions in order to secure approval of their plats of those various additions, and that the reserved area lies outside, although adjacent to, the platted subdivision.
The City argues two things: First, that the thoroughfare was dedicated to the City; and, second, that the procedures set out in § 11-52-50, et seq., were not used to secure *Page 1224 
the area for the future thoroughfare. The record reveals that the thoroughfare was made a part of the subdivision plats following the demand by the City that the reservation be placed on the plats.
The 100-foot right of way was never dedicated to the City of Mobile. This Court, in Sam Raine Construction Co., Inc. v.Lakeview Estates, Inc., 407 So.2d 542 (Ala. 1981), stated the law on dedication of a public right of way as follows:
 "`A public way is established in either one of three ways: (1) by a regular proceeding for that purpose, or (2) by a dedication as such by the owner of the land the way crosses, with acceptance by the proper authorities, or (3) the way is generally used by the public for twenty years.' Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289 (1972)."
407 So.2d at 544.
There has not been any proceeding for the purpose of dedicating the area reserved for the future thoroughfare. The Arnetts have not made a dedication to the City of Mobile, and there has not been a dedication by prescription. Most importantly, the lots in the subdivision additions were not sold pursuant to the plat of the future thoroughfare. In fact, the reserved 100-foot right of way lies outside the metes and bounds description of the subdivision.
The City's second argument is without merit. It is true that no surveys were made to show the exact location of the lines of the Mobile Major Street Plan. No plats were made showing the exact lands to be reserved. No estimates were made of the length of time of the reservation. The City of Mobile adopted no resolution fixing the time, appointing appraisers, or as otherwise required by § 11-52-50. The Planning Commission, however, required the Arnetts to reserve this area and designate it "reserved for purchase" on the various plats of the subdivisions, a proper designation for use with § 11-52-50,et seq. Because the City required this area designated "reserved for purchase," it comes within the purview of §11-52-50, et seq. Therefore, the City was in error in not following the procedures set out in those sections.
The City concedes that it bases its authority on §§ 11-52-30
and 11-52-31 when requiring the reservation of streets according to a major street plan as a prerequisite for the approval of a subdivision plat. Those sections grant the authority for such action; however, as noted previously, there are limitations to the extent of this authority. When the proposed future street is located outside the proposed subdivision, the proper procedure is found in § 11-52-50, etseq. Section 11-52-50 requires the planning commission to estimate the "time or times within which the lands shown on the plat [the city's major street plan] as street locations should be acquired by the municipality. . . . [T]he [city] council shall fix the period of time for which the street locations . . . shall be deemed reserved for future taking or acquisitions for public use." Section 11-52-51 requires the city, following the adoption of a plat of a major street plan, to appoint a board of appraisers who are to "fix the amounts of compensation to be paid, respectively, to the owners of lands reserved for the period of time as shown on the plat and in the resolution adopted by [the] council."
This decision is not to be interpreted to say that any time a developer is required by a municipality to reserve an area in his development for a future thoroughfare, that the city must follow § 11-52-50. That interpretation would overlook the distinguishing factor in the present case. Here, the reservation is outside the development. It is not, nor has it ever been, a part of the development per se. It is clearly labeled, in keeping with § 11-52-50, "reserved for future purchase." Lots were not sold pursuant to the future street, and there was no dedication or use of the street.
A municipality is not required to compensate a developer for a reservation in all instances. It is reasonable to require a developer to reserve land for a future street as a condition of approval of a plat, where such street traverses a proposed subdivision. The statutes allow this. Such *Page 1225 
action is not an unlawful taking of property for public use without compensation. In those instances, we have determined that the owner/developer receives compensation from the enhanced value of his property and other resultant advantages.Highland Realty Co. v. Avondale Land Co., 174 Ala. 326,56 So. 716 (1911).
Appellee contends that the City of Mobile Planning Commission and Mobile County are indispensable parties and that, without their joinder, the trial court had no jurisdiction and rightfully dismissed the case. In addition, appellee argues that every person who has an interest in any lot in the Fifth, Sixth, Seventh, or Eighth Additions of Theodore Highlands or any lot which abuts any portion of the property designated as "future thoroughfare" should be made a party. These arguments are without merit. We hold that, under Rule 19 of the Alabama Rules of Civil Procedure, the City of Mobile Planning Commission and Mobile County are not indispensable parties whose joinder is required for just adjudication.
The City's reliance on Jackson v. Moody, 431 So.2d 509 (Ala. 1983), for the proposition that all property owners within a recorded subdivision must consent to the vacation of platted streets, is misplaced. Jackson involved a presently existing platted alley and/or street within the metes and bounds description of a platted subdivision. All property owners relying on a particular street within a subdivision have a right to object or consent to the vacation of that particular street pursuant to § 35-2-52, et seq., Ala. Code 1975. The present case is distinguishable from Jackson because the property designated for "future purchase" by the City and/or its designee, the City of Mobile Planning Commission, was outside the metes and bounds description of Theodore Highlands Additions and was so designated on the various plats. The owners of property within the metes and bounds descriptions of the various additions, while having vested rights in and to the streets and alleys designated within the metes and bounds description of the subdivision, have no vested right in and to the 6.71 acres which is the subject of this litigation, until such time as the same is either purchased or opened as a street. Their joinder as parties to this litigation was not necessary.
Under § 11-52-50, the City has the option of either continuing or abandoning the reservation of the 100-foot right of way. If the City decides to abandon the reservation, it must compensate the Arnetts for the period during which the reservation has been in existence. If the City opts to continue the reservation, the procedures for such, as set out in the above discussed sections, must be followed.
Therefore, the judgment is hereby reversed and the case remanded to the trial court for determination of the amount due the Arnetts pending the City of Mobile's decision of whether to maintain or abandon the reservation of the 100-foot right of way.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.