This is an appeal from a judgment in favor of the defendant, John B. Ames, against the plaintiffs, Jodie M. Gaston, Gabriel W. Osborn, Royal C. Burns, and Georgia Burns (hereinafter all plaintiffs are sometimes referred to as "Gaston"). Gaston filed suit against Ames on September 6, 1983, asking for a declaratory judgment determining that Ames had improperly prevented the plaintiffs from enjoying access to subdivision lots owned by the plaintiffs located in Ocmulgee Estates. They allege that Ames prevented access to their property by maintenance of a fence and locked gate across the only point of access to the subdivision. Plaintiffs also sought actual and punitive damages and a permanent injunction enjoining and restraining Ames from restricting or limiting their access to their subdivision. On June 27, 1986, the court, without a jury, issued its ruling denying all relief requested by the plaintiffs, concluding that the subdivision was no longer "viable." On appeal, plaintiffs argue that the trial court's judgment was erroneous and against the great weight of the evidence. We agree and reverse.
On August 30, 1973, J. Bruce Pardue and his wife, as owners, and Central Bank and Trust Company, as mortgagee, filed a map or plat of Ocmulgee Estates Subdivision in the Probate Office of Dallas County. The Dallas County Health Department and the Alabama Department of Public Health approved the subdivision plat. On July 22, 1974, Pardue and Central Bank filed a map of plat two of Ocmulgee Estates in the Probate Office of Dallas County. Dallas County approved the subdivision plat on July 22, 1974. On September 9, 1974, Pardue and Central Bank made, executed, and recorded a "declaration of protective covenants," which expressly adopted the plat of Ocmulgee Estates Subdivision. The declaration was filed in the Dallas County Probate Office on September 11, 1974. The plats were made, executed, and recorded to set forth dedicated uses and purposes as stated in the subdivision plat and as stated in the declaration of protective covenants.
On September 10, 1974, all the plaintiffs acquired title to their subdivision lots from Pardue. Subsequently, Central Bank foreclosed on Pardue's mortgage and held a foreclosure sale. On June 10, 1977, Ames purchased the remaining subdivision property through a trust. At the time of his purchase, none of the lots had been developed. Pardue had been using the unsold land for agriculture purposes, with established fences and gate. Since the purchase of the property, Ames has operated a farming and cattle operation on the land and has changed the locks on the gate several times. He testified that after each lock change, he made keys available for all lot owners. He further testified that he has maintained only the existing fences and has not constructed any new fences. He has also operated a gravel business and at one point made the main road of the subdivision impassable. By trial, the road had been repaired to its original state.
This case was heard by the trial court sitting without a jury. Where evidence is presented to the trial court oretenus, a presumption of correctness exists as to the court's conclusions on issues of facts; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists. Smith v.Style Advertising, Inc., 470 So.2d 1194 (Ala. 1985);League v. McDonald, 355 So.2d 695 (Ala. 1978).
Ames introduced undisputed evidence that the plaintiffs' lots were located within a subdivision established in accordance with Alabama law. The subdivision plats and protective covenants were filed in the Probate Office of Dallas County. The plaintiffs' deeds were executed and delivered with reference to the plats of the subdivision. Pardue complied with the statutory requirements for the establishment of the subdivision. He first prepared the plats, pursuant to § 35-2-50, Code of *Page 879 Alabama (1975), and recorded the plats in the Probate Office, pursuant to § 35-2-51(a), Code ofAlabama (1975). Having met those two requirements, he is deemed to have made a conveyance in fee simple of all areas granted or dedicated to the public. § 35-2-51(b),Code of Alabama (1975). "[S]ubstantial compliance with the statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places." Johnson v. Morris, 362 So.2d 209,210 (Ala. 1978). Cottage Hill Land Corp. v. City ofMobile, 443 So.2d 1201, 1203 (Ala. 1983).
After there has been a proper dedication to the public, that dedication is irrevocable and it cannot be altered or withdrawn except by statutory vacation proceedings. Boothv. Montrose Cemetery Ass'n, 387 So.2d 774 (Ala. 1980);Smith v. City of Opelika, 165 Ala. 630, 51 So. 821
(1910). Once the act of dedication is complete and made irrevocable, it is not affected by the present use of the property or the failure to use the property for the dedicated purposes. Cottage Hill Land Corp. v. City of Mobile,supra. In the present case, Ames argues that although the lots were sold within the subdivision, it was never fully developed. He argues that because the fence and gate were present when he purchased the property and the land was used for agricultural purposes, he should have the right to continue that use. The trial court followed that logic when it ruled that the subdivision was not "viable"; therefore, the plaintiffs' claim must fail. Although it is true that agricultural use has been occurring at the subdivision and that the plaintiffs have not built homes on their lots, their rights, according to the law, must prevail. As pointed out in the record and the briefs, the plaintiffs cannot sell their property as lots within a subdivision because of the present encumbrance on their property. The law is clear that plaintiffs are entitled to legal access to their lots. Because Pardue substantially complied with a statutory dedication, the plaintiffs have a right of access. To rule otherwise would be to vacate the dedication of the property in the subdivision. "[T]he vacating of dedicated streets is not lightly to be viewed when it deprives others, and especially abutting land owners, of their use."McPhillips v. Brodbeck, 289 Ala. 148, 153,266 So.2d 592 (1972).
For the reasons set forth, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.