HORNSBY, Chief Justice.
This case arises from an action in ejectment brought by Mary George King against Alvie Phillip Brackin and Ellen L. Brackin. The ejectment action was filed pursuant to Ala.Code 1975, § 6-6-280.[1] The trial court heard ore tenus evidence and entered a judgment for King’ The Brackins appeal.
In its order the trial court stated:
“This cause came to be heard on the ejectment action brought by the Plaintiff against the Defendants, and the Answer of the Defendants denying the allegations of the Plaintiff’s Complaint, and further alleging that they own the subject property by adverse possession.... The Court now having reviewed, considered and understood the testimony and the evidence presented, is of the opinion that an Order is due to be entered reflecting the findings and judgment of the Court.
“The Court finds that the parties are contesting a 7.1 acre parcel of land consisting principally of woodland, lying in Section 21, Township 5 South, Range 8 West, in Lawrence County, Alabama, between a closed gravel county road on the west and a creek running in a south-southeastward direction on the east. The northern portion of the subject property is flooded by the Big Nance Creek Watershed Project. The Plaintiff and her late husband, Charles Roberson, were conveyed the subject property on June 10, 1967, as found in Deed Book 82, page 108, from G.F. Brackin and wife, Maggie Brackin, in a transaction wherein the grantors and grantees swapped property. In this transaction, the Plaintiff and [her] husband conveyed away other unrelated property to the Brackins. The Plaintiff further has assessed and paid taxes on the subject property since 1967. For the past two years, the property in question has been doubly assessed [against] the Plaintiff and the Defendants. The Plaintiff contends [that] she had no knowledge of any adverse claim to her property by the Defendants until ‘No Trespassing’ signs were found post *39 ed along the west boundary of said parcel. The Plaintiff contends that since 1967 she has claimed, possessed and exercised ownership over the subject property, and has no knowledge of any fencing, cultivation, or other acts of ownership exercised by the Defendants as to her property.
“The Court further finds that James A. Brackin purchased property in Section 21 from Gwin Allen and wife, Robbie Allen on February 1, 1967, and found in Deed Book 81, page 545, Probate Records of Lawrence County, Alabama. James A. Brackin and wife, Imogene Brackin later conveyed the same property to the Defendants, Alvie Phillip Brac-kin and Ellen Brackin, on August 8,1983, which is recorded in Deed Book 115, at pages 759-761. The property acquired by the Defendants is described as lying west of the Old Courtland-Mt. Hope Road and south of the creek. The Defendants contend that the property they were conveyed and have possessed is the same property claimed by the Plaintiff in that the original Old Courtland and Mt. Hope Road as described in the conveyances actually lies some three to ten feet west of the existing creek bed, and in essence east of where the present closed gravel county road lies. The Defendants claim that they have likewise continued to clear, [mow,] and walk over the parcel of land in question, exercising ownership over the same and have even signed a watershed agreement with [the county] Soil Conservation [agency] in connection with the Big Nance Watershed Project.
“The Court further finds that Guy S. Johnson, a licensed surveyor, who performed a survey in 1983 for Mr. James A. Brackin, father of the Defendant, was able to find only one Old Courtland-Mt. Hope roadway and did not find a prior older roadway located some three to ten feet west of the creek as testified to by the Defendant.
“As stated earlier by the Court, the Plaintiff has filed this action seeking ejectment of the Defendants from the subject 7.1 acre parcel of land. The Defendants in their answer, claim ownership of the subject property by reason of adverse possession for more than ten (10) years. As often stated in Alabama, ejectment is a favored action to try title to land and the Plaintiff, not the Defendant, has the burden of proving that she is the owner of the parcel in question in this action. It is the judgment of this Court that neither James A. Brackin, nor the Defendants, Alvie Phillip Brackin and Ellen Brackin, were conveyed the 7.1 acre parcel made the subject of this suit as the property described and conveyed to the Defendants lay west of the existing Old Courtland-Mt. Hope Road and south of the creek. It is the judgment of the Court that the Plaintiff holds title to and is the owner of the 7.1 acre parcel of land in dispute.
“The Defendants further have failed to convince the Court that they and those through whom they claim have exercised dominion over the subject property to an extent necessary to acquire title by adverse possession. Testimony has been presented that the Plaintiff, as well as the Defendants, [has] exercised acts of ownership over the unimproved wooded parcel in question. The Court finds that the Defendants have not shown by clear and convincing evidence that they have maintained for at least a ten (10) year period the actual clear, definite, positive, notorious, open, continuous, adverse and exclusive possession of the 7.1 acre parcel of land sufficient to divest title from the Plaintiff. It is, therefore,
“ORDERED that the action of ejection will lie in favor of the Plaintiff and against the Defendants, and the Defendants are hereby Ordered to deliver possession of the subject 7.1 acre parcel to the Plaintiff forthwith, said property being more particularly described as follows:
“That part of the E lh of the SW Vi of the SW Vi of Section 21, Township 5 South, Range 6 West, lying South of Crooked Creek and East of Old Court-land and Mt. Hope Road, being in Lawrence County, Alabama.”
King, relying on the ore tenus rule, argues that the trial court’s judgment in her favor was not palpably wrong, was supported by the evidence, and was not mani *40 festly unjust. She contends that she proved by the strength of her title her right to possess the disputed land at the time she commenced her action of ejectment.
Both in their answer to King’s complaint and on appeal, the Brackins claim that they and their predecessors in title had acquired ownership to all or a portion of the disputed 7.1 acres of land by adverse possession under the doctrine of prescription. Essentially, their argument is that their title to the disputed land is superior to King’s.
This case was heard by the trial court sitting without a jury. Where ore terms evidence is presented to the trial court, a presumption of correctness exists as to the court’s findings of fact. This presumption is especially applicable in cases involving claims of adverse possession, because the evidence in such cases is usually difficult to assess from the vantage
point of the appellate court. Bearden v. Ellison, 560 So.2d 1042 (Ala.1990); Seidler v. Phillips, 496 So.2d 714 (Ala.1986). Unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence, the trial court’s determination of fact will
not be disturbed. Gaston v. Ames, 514 So.2d 877, 878 (Ala.1987); Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment. Gaston, supra; Smith v. Style Advertising, Inc., 470 So.2d 1194 (Ala.1985); League v. McDonald, 355 So.2d 695 (Ala.1978).
From our review of the record and of the trial court’s judgment, we cannot say that the trial court erred. Consequently, we affirm the trial court’s judgment.
AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.

. Ala.Code 1975, § 6-6-280, provides:
"(a) A plaintiff commencing an action for the recovery of lands or the possession thereof has an election to proceed by an action of ejectment or by an action in the nature of an action of ejectment as is provided in subsection (b) of this section.
"(b) An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained without a statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejector, and the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same_”