THOMPSON, Judge.
On July 25, 2001, Addie L. Edwards sued Mobile County and Bank of America; that action was designated as case number CV-01-2550.51. In her complaint, Edwards alleged that she had been damaged by Mobile County’s construction or extension of a roadway known as “Fernland Road” over property she owned and that Bank of America had breached a warranty of title it had provided her regarding that property. The trial court ultimately dismissed Bank of America as a party to Edwards’s action.
On June 18, 2002, Ladochie Pritchett filed a complaint against Mobile County alleging that Mobile County had extended Fernland Road in a manner that encroached upon her property and seeking damages for the damage to her property. Pritchett’s action, which was filed in the same circuit court as was Edwards’s complaint but which was assigned to a different trial judge, was designated as case number CV-02-2044.51.
On June 9, 2004, Edwards filed in case number CV-01-2550.51 a motion to consolidate that action with Pritchett’s action, case number CV-02-2044.51. The record in case number CV-01-2550.51 does not indicate that the trial court in that case ruled on that motion. On November 22, 2004, *351 the trial court in case number CV-01-2550.51entered a summary judgment in favor of Mobile County, the sole remaining defendant, on Edwards’s claims. Edwards filed a timely postjudgment motion, and the trial court denied that motion on January 28, 2005. On April 27, 2006, Edwards filed a notice of appeal. Our supreme court transferred Edwards’s appeal in case number CV-01-2550.51 to this court, pursuant to § 12-2-7(6), Ala.Code 1975. This court assigned Edwards’s appeal the case number 2050785.
In Pritchett’s action, case number CV-02-2044.51, Mobile County moved for a summary judgment, and Pritchett opposed that motion. On February 16, 2006, the trial court granted Mobile County’s motion for a summary judgment in case number CV-02-2044.51 and entered a detailed judgment in favor of Mobile County on Pritchett’s claims. Pritchett filed a post-judgment motion, which the trial court denied on March 16, 2006. Pritchett timely appealed on April 27, 2006. Pritchett’s appeal in case number CV-02-2044.51 was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975. This court assigned the case number 2050668 to Pritchett’s appeal and consolidated it with Edwards’s appeal.
Initially, we note that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “The timely filing of [a] notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480 (Ala.Civ.App.2006) (“an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived”).
Neither Mobile County nor Edwards has favored this court with a statement of jurisdiction addressing the timeliness of Edwards’s appeal in case number CV-01-2550.51. In the “statement of the case” portion of her brief on appeal, Edwards refers to Pritchett’s action in case number CV-02-2044.51 as a “companion case.” Edwards asserts that because the two actions raised many of the same issues, the appeal in case number CV-01-2550.51 was “held open,” presumably until the trial court in case number CV-02-2044.51 ruled on Mobile County’s summary-judgment motion and Pritchett’s postjudgment motion. Edwards cites no authority supporting the proposition that the time for filing a notice of appeal might be tolled by a trial court’s consideration of another action involving similar issues; there is no such authority. We reiterate that the trial court did not rule on Edwards’s motion to consolidate the two actions,[1] and nothing in the record in case number CV-02-2044.51 indicates that a similar motion to consolidate was filed or ruled upon in that action.
The trial court entered its judgment in Edwards’s action (case number CV-01-2550.51) on November 22, 2004, and it denied Edwards’s postjudgment motion on January 28, 2005. Edwards had 42 days from January 28, 2005, in which to file her notice of appeal. Rule 4(a)(1), Ala. R.App. P. However, Edwards filed her notice of appeal from the judgment and the post-judgment order in case number CV-01- *352 2550.51 on April 27, 2006, more than a year after the entry of those orders. Therefore, Edwards’s appeal in case number CV-01-2550.51 is untimely and is due to be dismissed. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
We reach the merits of Pritchett’s timely appeal. In that appeal, Pritchett contends that the trial court erred in entering a summary judgment in favor of Mobile County.
A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (citing Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989)). “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
In 1910, Mobile County obtained what the parties and the trial court frequently referred to as a public right-of-way for the construction of a road over an area extending 30 feet west of the section line (“the section line”) dividing Section 5 and Section 4, Township 7 South, Range 3 West in Mobile County. A public roadway, now known as “Fernland Road,” has existed on or near that 30-foob-wide strip of land for some period of time; the roadway began as a dirt road and was later paved.[2]
In 2001, Mobile County widened and resurfaced Fernland Road. It appears that before the roadway-improvement project, Fernland Road did not occupy the entire 30-foob-wide right-of-way west of the section line claimed by Mobile County. John E. Murphy, Jr., the Assistant County Engineer for Mobile County, testified that “at the time of the most recent [ (2001) ] widening and resurfacing of Fernland Road, the then-existing paved portion of the road straddled the section line.”
Donald W. Rowe, the president of Rowe Surveying and Engineering Company, testified in an affidavit on behalf of Mobile County. According to Rowe, approximately 15 feet of the total width of the roadway (including the paved portion, shoulders, and ditches) was located west of the section line before the 2001 improvement project. Mobile County used the entire 30-footr-wide right-of-way located west of the *353 section line in constructing the 2001 improvements to Fernland Road.
In 1989, a subdivision known as “Fern-land Acres” was platted and recorded in the Probate Court of Mobile County. In 1992, Pritchett purchased lot number 8 and lot number 11 in the Fernland Acres subdivision; only possible encroachment on lot 8 is at issue in this action. We note that in her brief submitted to this court, Pritchett contends that her property is subject to a 15-foob-wide right-of-way lying west of the section line. According to Rowe’s affidavit, the Fernland Acres subdivision plat indicates that the lots fronting Fernland Road, including Pritchett’s lot number 8, have eastern boundaries that extend to the section line. Rowe testified, however, that the Fernland Acres subdivision plat contains an error. Rowe testified that the eastern boundary of the lots is contrary to that set forth in the 1910 subdivision plat creating the right-of-way. According to Rowe, the lots fronting Fern-land Road have eastern boundaries that the 1910 subdivision plat established as extending only 30 feet west of the section line.
Pritchett did not present any evidence indicating that the 1910 plat was incorrect or that the Fernland Acres plat (regardless of whether there was a right-of-way depicted on that plat) was correct in establishing the eastern boundaries of the lots, including lot number 8, fronting Fernland Road. In support of her opposition to Mobile County’s summary-judgment motion, Pritchett incorporated a copy of a filing Edwards submitted in Edwards’s action in opposition to a motion for a summary judgment filed by Mobile County. Relying on that filing, Pritchett disputed that the 1910 plat set forth the claimed 30-foot-wide right-of-way and contended that, even if it did so, Mobile County never accepted or used any of the right-of-way west of the section line.
The trial court entered a judgment setting forth a detailed recitation and analysis of the facts of this case. That judgment reads as follows:
“This [action] arises from the widening and resurfacing of a public street, Fernland Road, by [Mobile County]. The plaintiff, Ladochie Pritchett (‘Pritchett’) owns a home located on Fernland Road and claims that the widening project encroached onto her property approximately thirty feet. The undisputed facts show otherwise.
“[Mobile County] acquired a public right-of-way for what is now Fernland Road by a recorded subdivision plat in 1910. The plat indicates that a right-of-way was dedicated to Mobile County which extended thirty feet west of a section line dividing Sections 5 and 4, Township 7 South, Range 3 West in Mobile County.1 This same subdivision plat shows numerous subdivided parcels which remained in private ownership, the easternmost of which had a property line which began, consistent with the right-of-way, thirty feet from the section line. Pritchett’s later-acquired property is located within this subdivided lot which clearly does not overlap [Mobile County’s] right-of-way.2
“Pritchett mistakenly alleges that her property line extends all the way to the section line. Her belief is understandable. Pritchett acquired title to her property through a corporate statutory warranty deed recorded in 1992. The deed conveys Lots 11 and 8 in a recorded subdivision known as Fernland Road Acres. Only Lot 8 abuts Fernland Road. Lot 8 is located within the same originally subdivided lot depicted in the 1910 subdivision.
*354 “Pritchett’s mistaken belief that she owns to the section line arises from an examination of the subdivision plat for Fernland Road Acres which was recorded in 1989. According to this subdivision plat, Lot 8 does indeed extend to the section line. However, the undisputed evidence before the Court indicates that this subdivision plat, by overlaying a previously dedicated public road, was in error.
“There is nothing before the Court to indicate that the subdivision plat filed in 1910 did not effectively convey a right-of-way for Fernland Road to the public. The undisputed affidavit of Donald Rowe, a registered professional engineer and land surveyor, establishes that any deed based on the 1989 recorded subdivision plat of Fernland Road Acres attempts to convey what the grantor had no legal title to convey, that is the thirty foot right-of-way previously dedicated to [Mobile County] as a public road in 1910. As Rowe indicates, a comparison of the 1910 subdivision plat to the 1989 subdivision plat clearly demonstrates that the latter plat from which Pritchett claims title could not effectively convey the thirty foot strip of property located west of the section line in that it had previously been dedicated as a public road.
“It being undisputed that Pritchett has no viable claim of title based on documents recorded in Probate Court, an issue arises whether or not once the public right-of-way was established it was somehow lost. The undisputed evidence, as well as clearly established law, indicates that this did not and could not occur. According to the undisputed testimony of John Murphy, a registered professional engineer employed by Mobile County, Fernland Road began as a dirt road which was subsequently paved and then resurfaced and widened. Prior to the widening project described in Pritchett’s complaint, the paved portion of Fernland Road straddled the section line with eighteen feet of paved surface, five of which was located west of the section line on the property claimed by Pritchett. In addition, when considering shoulders and ditches, the entirety of Fernland Road before its improvement consisted of forty feet of width, fifteen feet of which was located west of the section line.
“After the widening and resurfacing project, the total pavement width of Fernland Road was increased to twenty-two feet. Of this, seven feet of pavement was located west of the section line. Of the total width of the improved Fernland Road, including shoulders and ditches, twenty-five feet of the improved road was located west of the section line. It is undisputed that both before and after the most recent widening project, [Mobile County] utilized the disputed thirty foot strip for public road purposes.
“The undisputed testimony of John Murphy also established that [Mobile County] has not abandoned the road nor has it permitted any uses of the road which are inconsistent with its maintenance as a public thoroughfare. [Mobile County] did permit the construction of mailboxes located within the dedicated right-of-way, which is not unusual and is permitted throughout [Mobile County].3 There has never been a statutory vacation of any portion of the dedicated public right-of-way for Fernland Road.
“Compliance with statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places. Johnson v. Morris, 362 So.2d 209 (Ala.1978); Gaston v. Ames, 514 So.2d 877 (Ala.1987). Once a dedication to the public has occurred, that dedication is irrevocable, and it cannot *355 be altered or withdrawn except by statutory vacation proceedings. Booth v. Montrose Cemetery Association, 387 So.2d 774 (Ala.1980). Once the active dedication is complete and made irrevocable, it is not affected by the present use of the property or the failure to use the property for the dedicated purposes. Cottage Hill Land Corp. v. City of Mobile, 443 So.2d 1201 (Ala.1983).
“The Court is sympathetic to Pritch-ett, who acquired title by virtue of a warranty deed which does indeed purport to convey title to the thirty foot strip of land in dispute. Unfortunately, Pritchett’s grantor warranted title to and attempted to convey property for which it had no legal title. While Pritchett may have legal recourse, her remedy does not lie against [Mobile County].
"1. ‘The acknowledgment and recording of such plat or map shall be held to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public, and the premises intended for any street, alleyway, common or other public use, as shown in such plat or map, shall be held in trust for the uses and purposes intended or set forth in such plat or map.' Ala.Code 1975, § 35-2-51(b).
"2. A duly recorded plat, ‘showing dimensions of lots, and also width of adjoining streets, with no indicia that the lot overlaps into the street, imports that the dimensions given extend only to the street boundary shown on the plat.’ Edmundson v. Mullen, [215 Ala. 297,] 110 So. 391 (Ala.1926).
"3. Abutting property owners are allowed permissive use of publicly dedicated rights of way subject to the superior right of the public pursuant to the terms of the dedication. Kizer v. Finch, 672 So.2d 511 (Ala.1995).”
On appeal, Pritchett “adopts the arguments as set forth by Edwards” in the brief Edwards submitted to this court, which we hereinafter refer to as being asserted by Pritchett. Pritchett also expands on those arguments in her brief submitted to this court.
Pritchett argues that at some time (Pritchett does not specify what period of time), Mobile County had not used its right-of-way as a roadway and that its alleged failure to use the right-of-way constituted a vacation of the right-of-way. In this case, the evidence and the trial court’s judgment clearly indicate that the 1910 subdivision plat was properly recorded in the probate office as required by § 35-2-50 and § 35-2-51, Ala.Code 1975. Pritch-ett has not presented any evidence indicating that the 1910 subdivision plat was not properly recorded or accepted by Mobile County.
“Having met those two requirements [set forth in § 35-2-50 and § 35-2-51], [the party establishing a subdivision] is deemed to have made a conveyance in fee simple of all areas granted or dedicated to the public. § 35-2-51(b), Code of Alabama 1975. ‘[Substantial compliance with the statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places.’ Johnson v. Morris, 362 So.2d 209, 210 (Ala.1978). Cottage Hill Land Corp. v. City of Mobile, 443 So.2d 1201, 1203 (Ala.1983).
“After there has been a proper dedication to the public, that dedication is irrevocable and it cannot be altered or withdrawn except by statutory vacation proceedings. Booth v. Montrose Cemetery Ass’n, 387 So.2d 774 (Ala.1980); Smith v. City of Opelika, 165 Ala. 630, 51 So. 821 (1910). Once the act of dedication is complete and made irrevocable, it is not affected by the present use of the property or the failure to use the property for the dedicated purposes. Cottage Hill Land Corp. v. City of Mobile, supra.”
Gaston v. Ames, 514 So.2d 877, 879 (Ala.1987). Accordingly, in this case, the 1910 *356 dedication of the 30-foob-wide right-of-way conveyed to Mobile County an irrevocable fee-simple interest in that property.
There is no evidence indicating that Mobile County failed to use its right-of-way, or at least a portion of it, as a public roadway. Even if such evidence were presented, however, a failure to use property dedicated for public use is immaterial. Gaston v. Ames, 514 So.2d at 879. A public roadway may be vacated only according to vacation proceedings initiated pursuant to § 35-2-54, Ala.Code 1975.[3] See § 35-2-54; Booth v. Montrose Cemetery Ass’n, 387 So.2d 774 (Ala.1980). Pritchett submitted no evidence indicating that the public road or the right-of-way was vacated pursuant to § 32-2-54.
Pritchett also contends that the 1989 Fernland Acres subdivision plat superseded the 1910 subdivision plat and, she contends, the 1989 plat does not provide for Mobile County’s having a 30-foot-wide right-of-way. Therefore, Pritchett contends, Mobile County was bound by its acceptance of the 1989 Fernland Acres subdivision plat and cannot claim the 30-foot-wide right-of-way. Pritchett cites no authority supporting that argument. “ ‘Where an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, for it is neither this Court’s duty nor its function to perform all the legal research for an appellant.’ ” Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993) (quoting Sea Calm Shipping Co. v. Cooks, 565 So.2d 212, 216 (Ala.1990)). We also note that as a part of this argument in her brief on appeal, Pritchett claims that Mobile County is estopped from relying on the 1910 subdivision plat because it accepted the 1989 Fernland Acres subdivision plat. Pritchett did not assert her estoppel argument before the trial court, and she impermissibly raises it for the first time on appeal. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”); see also Shiver v. Butler County Bd. of Educ., 797 So.2d 1086, 1089 (Ala.Civ.App.2000) (this court will not consider an issue not pre *357 sented to the trial court and on which the trial court was not given the opportunity to rule).
Pritchett has not challenged the trial court’s determination that the 1989 subdivision plat on which the deed to her property is based is in error. She also failed to challenge the trial court’s finding that the grantor from whom Pritchett obtained her deed purported to convey to her property for which it had no legal title. Our review of the record supports those determinations, as well as the other conclusions reached by the trial court in its judgment, quoted above. As the trial court indicated, Pritchett might have a valid claim against another entity or party. However, Pritch-ett has failed to demonstrate that the trial court erred in entering a judgment in favor of Mobile County.
2050668 — AFFIRMED.
2050785 — APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. A handwritten notation in the case-action summary near the entry documenting the filing of the motion to consolidate the two actions reads “August 13, 2004 — withdrawn.” However, this court is unable to discern whether that handwritten notation was made in reference to the motion to consolidate or to a nearby entry documenting Mobile County’s filing of an opposition to the motion to consolidate the two actions.

. The parties and the trial court refer to the 30-foot-wide strip of property interchangeably as a "right-of-way” and as a "public road.” In its judgment, the trial court found that the 30-foot-wide strip of land was dedicated as a public road in 1910. As discussed later in this opinion, the dedication of that property is deemed to have constituted a conveyance of that property in fee simple. Gaston v. Ames, 514 So.2d 877, 879 (Ala.1987). For the purposes of this opinion, we consider that 30-foot-wide strip of property as a public right-of-way dedicated for the purpose of creating a public roadway. Accordingly, we refer to the 30-foot-wide strip of land as a "right-of-way” and to the public road constructed thereon as a "public roadway” or "Fernland Road.”

. The text of that section reads as follows:
“Any street or alley shown by any map, plat or survey, whether such map or plat is executed and recorded as provided by law or not, may be vacated, in whole or in part, by the owner or owners of the lands abutting the street or alley (or that portion of the street or alley desired to be vacated), or their executors, administrators or guardian, joining in a written instrument declaring the same to be vacated, such written instrument to be executed, acknowledged and recorded in like manner as conveyances of land, which declaration being duly recorded shall operate to destroy the force and effect of the dedication by the map, plat or survey and to divest all public rights, including any rights which may have been acquired by prescription, in that part of the street or alley so vacated. If any such street or alley is within the limits of any municipality, the assent of the mayor and aldermen or other governing body of the municipality must be procured, evidenced by a resolution adopted by such governing body, a copy of which, certified by the clerk or ministerial officer in charge of the records of the municipality must be attached to, filed and recorded with the written declaration of vacation. Convenient means of ingress and egress to and from their property shall be afforded to all other property owners owning property in the tract of land embraced in the map, plat or survey, either by the remaining streets and alleys dedicated by such map, plat or survey or by any other street or alley being dedicated. If such street or alley has been or is being used as a public road and outside of any municipality, the assent of the county commission of the county in which the property is situated must be procured, evidenced by resolution adopted by such county commission, a copy of which, certified by the presiding officer thereof, must be attached thereto, filed and recorded with the declaration of vacation.”